**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Terry SINGLETARY, Appellant.**

Superior Court of Pennsylvania.

Argued May 15, 2002.

Filed July 11, 2002.

Reargument Denied September 12, 2002.

Andrew F. Schneider, Newtown, for appellant.

Stephen B. Harris, Asst. Dist. Atty., Doylestown, for Commonwealth, appellee.

* Retired Justice assigned to the Superior Court.

1.  35 Pa.C.S.A. § 780–113(a)(30).

2.  35 Pa.C.S.A. § 780–113(a)(16).

3.  35 Pa.C.S.A. § 780–113(a)(32).

Before KLEIN, BENDER and MONTEMURO,* JJ.

KLEIN, J.

¶ 1 The issue presented in this appeal is whether, in order to re-file charges against an individual after the charges have been dismissed at a preliminary hearing, the Commonwealth must produce new evidence that was not available at the time of the first preliminary hearing. Here, the Commonwealth re-filed previously dismissed charges after it realized that it had inadvertently neglected to present certain evidence that was in its possession at the time of the first preliminary hearing. We hold that so long as the Commonwealth re-files the charges in good faith and not to harass the defendant, the Commonwealth need not present new evidence that was not available at the time of the first preliminary hearing in order to re-file the charges. Applying the rule to the facts of this case, we conclude that the trial court properly permitted the Commonwealth to re-file the charges against Singletary, re-assigned the matter for a preliminary hearing before a different district justice, and denied Singletary's petition for a writ of *habeas corpus.* Accordingly, we affirm the trial court's order.

¶ 2 The record reveals the following facts. Singletary and a co-defendant, William Knight, were arrested by Officer Henry Ward of the Falls Township Police Department on October 31, 2000. Singletary was charged with the crimes of Possession with Intent to Deliver [1], Possession of a Controlled Substance [2], Possession of Drug Paraphernalia [3] and Conspiracy [4] to commit these offenses.[5] The charges

4.  18 Pa.C.S.A. § 903.

5.  Singletary had also been charged with Corruption of a Minor, 18 Pa.C.S.A. § 6301. The Commonwealth withdrew this charge.

stemmed from the investigation Officer Ward conducted after he discovered Singletary sleeping in a car parked outside of a motel room at 4:00 a.m. Officer Ward noted that it was very unusual for someone to be sleeping in a car in the parking lot of the motel. He approached the car, woke Singletary, and inquired what Singletary was doing and who owned the car. Singletary claimed that the car belonged to a friend who was in one of the rooms of the motel. Singletary, however, was unable to provide the name of the owner of the car.

¶ 3 Officer Ward sought to confirm Singletary's claim that a friend who was inside the motel room, owned the car. Once inside the motel room, Officer Ward observed Knight in bed with a young female. He saw a small quantity of marijuana on the nightstand. He also noticed the odor of fresh marijuana coming from a knapsack on a chair in the hotel room. The knapsack contained a pound and a half of marijuana, plus baggies and scales. Knight and the female both denied ownership of the knapsack.

¶ 4 The course of the proceedings on the charges, as aptly summarized by Judge John J. Rufe in his Pa.R.A.P.1925(a) opinion, is as follows:

A Preliminary Hearing on the charges was held before District Justice Jan Vislosky on January 30, 2001. At the conclusion of the hearing, Justice Vislosky determined that the Commonwealth had failed to present a *prima facie* case against [Singletary] and dismissed the charges against him. Specifically, Justice Vislosky stated that the Commonwealth had failed to present evidence to link [Singletary] with the knapsack containing the drugs and drug paraphernalia. The charges against Co–Defendant Knight were held over for trial.

Subsequently, the Commonwealth re-filed the charges against [Singletary] and a second preliminary hearing was held before Justice Vislosky on April 19, 2001. At the second hearing, the Commonwealth offered testimony and evidence which specifically connected [Singletary] to the knapsack. In response, the defense asserted that the matter was controlled by the case of *Commonwealth v. Moore*, 749 A.2d 505 (Pa.Super.2000), which [Singletary] contended stands for the proposition that the Commonwealth is without authority to re-file criminal charges against an individual in the absence of "new evidence" not available or discoverable until after a preliminary hearing which resulted in the dismissal of the charges. [Singletary] maintained that since the evidence presented at the second preliminary hearing was not "new evidence," the Commonwealth had no authority to re-file charges against Mr. Singletary and the matter had to be dismissed. Justice Vislosky agreed with the defense and [Singletary] was discharged.

Officer Ward re-filed the charges against Mr. Singletary and on May 22, 2001, the Commonwealth filed a Petition for Temporary Assignment of a Common Pleas Judge as Issuing Authority. In response, [Singletary] filed an Answer to the Petition and a Sur Petition for Writ of Habeas Corpus. After several continuances, the matter was heard . . . on August 14, 2001. Upon consideration of the Petition for Writ of Habeas Corpus, [Singletary's] Memorandum of Law in support thereof, and the Commonwealth's response thereto, we denied the Petition. Upon request of [Singletary's] counsel, a preliminary hearing was not held at that time, but the matter was reassigned to another district justice.

Trial Ct. op. at pp. 1–3.[6]

¶ 5 The trial court allowed the charges to be re-filed, and assigned a different district justice for the preliminary hearing on the re-filed charges based upon its findings that: (1) "the additional testimony presented by the Commonwealth concerning the contents of the [knapsack] was additional evidence not otherwise available to the Commonwealth at the first preliminary hearing[;]" and, (2) "there was no evidence of 'bad faith' on the part of the Commonwealth in offering evidence of the additional items found in the [knapsack] that the officer failed to mention at the first hearing." Trial Ct. op. at p. 4. On appeal,[7] Singletary argues that the trial court erred in concluding that the additional evidence the Commonwealth presented at the second hearing was not available at the time of the first hearing. It follows, according to Singletary, that the Commonwealth should not have been permitted to re-file the charges and have them heard by another district justice because the Commonwealth may only re-file charges that have been dismissed after a preliminary hearing if the Commonwealth has additional evidence that it neither had nor reasonably could have had at the time of the first preliminary hearing. We disagree.

■ ¶ 6 At the second preliminary hearing before District Justice Vislosky, the Commonwealth presented evidence that the knapsack contained a bail slip bearing Singletary's name, as well as a cell phone cover and charger for a cell phone that Singletary was carrying. Singletary also had a manual for the cell phone and receipt evidencing his purchase of it. Our review of the record indicates that the Commonwealth stipulated at both the second preliminary hearing before District Justice Vislosky and the hearing before Judge Rufe that this evidence was available at the time of the first preliminary hearing. It was not presented due to an inadvertent oversight. We find no evidence in the record that would support a finding that the Commonwealth did not know or could not have known of that evidence at the time of the first preliminary hearing. Thus, the trial court's finding that the evidence was not available at the time of the first preliminary hearing is not supported by the evidence of record.

■ ¶ 7 Our inquiry does not end at this point. "It is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground re-

6. As noted in the Comment to Rule 544, "[t]he decision to reinstitute charges must be made by the attorney for the Commonwealth. Therefore, *in cases in which no attorney for the Commonwealth was present at the preliminary hearing,* the police officer may not refile the complaint without the written authorization of the attorney for the Commonwealth." *Comment,* Pa.R.Crim.P. 544 (emphasis added). We note from our review of the record that the Commonwealth was represented by an assistant district attorney at both of the preliminary hearings before District Justice Vislosky. Singletary did not argue below, nor does he argue on appeal, that there was no written authorization from an attorney for the Commonwealth approving the reinstitution of the charges. *See,* Pa.R.Crim.P. 544(A). In any event, approval from an attorney for the

Commonwealth for reinstituting the charges against Singletary is implicit in the Commonwealth's motion requesting the temporary assignment of a different issuing authority.

7. This appeal is properly before us pursuant to Pa.R.A.P. 311(a)(3) because Singletary filed his appeal within ten days of the trial court's order dated August 19, 2001. Pa.R.A.P. 311(a)(3) (permitting an interlocutory appeal as of right from an order changing venue or venire in a criminal matter); *Commonwealth v. Jones,* 429 Pa.Super. 601, 633 A.2d 185, 186 n. 1 (1993) (An order assigning a different district justice to hear re-filed charges against the defendant is appealable under Pa.R.A.P. 311(a)(3)).

lied upon by the lower court itself." *Boyer v. Walker*, 714 A.2d 458, 463 n. 10. (Pa.Super.1998). Accordingly, we must determine whether there are other grounds that support the trial court's order granting the Commonwealth's petition and denying Singletary's petition. We conclude that there are alternative grounds upon which to affirm the trial court's decision.

■ ¶ 8 Although Singletary argued below that the Commonwealth acted in bad faith when it failed to present the evidence connecting Singletary with the knapsack at the first preliminary hearing, the trial court found that there was no evidence of bad faith. Likewise, the trial court found that Singletary had not established that the Commonwealth was merely seeking to harass him by requesting that the matter be assigned to another issuing authority. These findings are supported by the Commonwealth's admission that it inadvertently overlooked the existence of the evidence connecting Singletary with the knapsack in preparing for the first preliminary hearing. Thus, we must now decide whether *Commonwealth v. Moore*, 749 A.2d 505 (Pa.Super.2000), precludes the Commonwealth from re-filing charges where the only additional evidence that Commonwealth presents in support of the re-filed charges is evidence that the Commonwealth inadvertently neglected to present at the first preliminary hearing. Singletary argues that *Moore* bars the re-filing of the charges in this case. District Justice Vislosky agreed with Singletary's interpretation of *Moore* and dismissed the re-filed charges even though she otherwise would have found the additional evidence sufficient to establish a *prima facie* case against Singletary. We cannot agree with Singletary's and District Justice Vislosky's interpretation of *Moore*.

¶ 9 Prior to our decision in *Moore*, we explained in *Commonwealth v. Jones*, 429 Pa.Super. 601, 633 A.2d 185 (1993), that:

the Commonwealth may seek to reinstate a charge dismissed by a magistrate by re-filing the same charge before a *different* magistrate. Prior to doing so, however, the Commonwealth must either believe that its evidence was sufficient to establish a *prima facie* case or it intends to produce *additional* evidence at the new preliminary hearing.

*Jones*, 633 A.2d at 187–88 (citing *Liciaga v. Court of Common Pleas*, 523 Pa. 258, 566 A.2d 246, 249–50 (1989)) (emphasis in original). The trial court in *Jones* granted the Commonwealth's petition to re-assign another district justice to hear the re-filed charges. We affirmed the trial court's order notwithstanding that the 'additional' evidence the Commonwealth intended to present at a preliminary hearing on the re-filed charges had been available at the time of the original preliminary hearing, but the Commonwealth had failed to present it due to an inadvertent oversight.

¶ 10 In this regard, the instant case is identical to *Jones*. Without acknowledging the result we reached in *Jones*, let alone attempting to distinguish *Jones* from what happened here, Singletary argues that the trial court erred in this case when it allowed the charges to be re-filed and the matter to be heard by another district justice because "the Commonwealth [did] not make 'every reasonable effort' when [it] attempt[ed] to admit additional evidence that was either available or discoverable before the first preliminary hearing." Appellant's Brief at p. 11 citing *Moore*, *supra*, at 506. Thus, Singletary renews his argument that *Moore* stands for the proposition that, in order to re-file charges and/or request the transfer to another issuing authority, the Commonwealth must show that it has new evidence

that was neither available nor discoverable before the first preliminary hearing. We cannot agree with Singletary's reading of *Moore*.

¶ 11 In *Moore*, the district justice had dismissed arson charges because the Commonwealth failed to present evidence that the fire was either incendiary in origin or started by human intervention. The Commonwealth re-filed the charges, intending to present 'new' evidence that the defendant's financial situation gave her motivation for arson in order to collect insurance proceeds. In affirming the trial court's order granting the defendant's second petition for a writ of *habeas corpus*, we stated:

> We have reviewed the proposed 'new evidence' (Moore's financial incentive to start the fire) in the possession of the Commonwealth, which was supposedly unavailable or unknown to the prosecution at the December 9th (second) habeas corpus hearing. We conclude this type of evidence does not establish that the fire was 'incendiary in origin' or by 'human intervention.'

*Id.* at 506. We reiterated that "evidence of Moore being financially motivated to start the fire does not equate with the satisfaction of either prong to prove arson, i.e., conflagration being incendiary in origin or created by human intervention." *Id.* Thus, regardless of whether the evidence the Commonwealth intended to present at the second preliminary hearing was new, it was not sufficient to establish a *prima facie* case.

¶ 12 Our decision in *Moore* therefore turned upon the sufficiency of the evidence the Commonwealth intended to present at the second preliminary hearing. We held that the additional evidence that the Commonwealth proposed to present was still insufficient to establish a *prima facie* case. To the extent that we also observed that

the proposed additional evidence was or should have been known to the Commonwealth at the time of the first preliminary, this was merely dictum. We did not establish a rule in *Moore* that the Commonwealth could only present additional evidence that was not available or known to the Commonwealth at the time of the first preliminary hearing. In fact, the cases we cited in *Moore* do not support the conclusion that Singletary urges upon us.

¶ 13 For instance, in *Commonwealth v. Waller*, 453 Pa.Super. 36, 682 A.2d 1292 (1996) (*en banc*), the Commonwealth attempted to appeal an order dismissing charges, without prejudice, because the Commonwealth's witnesses did not appear at the time of trial. We quashed the appeal on the grounds that the order being appealed was interlocutory. We noted that there were no statute of limitations or Rule 1100 problems that would prevent the Commonwealth from simply re-filing the charges and presenting the testimony of the very same witnesses. Thus, *Waller* does not stand for the proposition that the Commonwealth may only re-file charges where it intends to present evidence that was neither known nor discoverable at the time of the prior preliminary hearing.

¶ 14 We also cited *Commonwealth v. Hetherington*, 460 Pa. 17, 331 A.2d 205 (1975), in which our Supreme Court affirmed our decision that, in turn, affirmed the trial court's order denying the Commonwealth's petition to re-arrest on charges that had been dismissed after a preliminary hearing. The Commonwealth stipulated at the hearing on its petition to re-arrest that it intended to present the same evidence it had presented at the preliminary hearing; it did not intend to present any new or additional evidence. Our Supreme Court noted that where the Commonwealth re-files charges, the issuing authority may exercise its discretion

and make an independent determination as to the existence of a *prima facie* case; but if the Commonwealth has indicated it will merely present the same evidence as it presented in the prior preliminary hearing, it is not an abuse of discretion to deny the petition to re-arrest. Thus, *Hetherington* does not impose a requirement that the Commonwealth present evidence that was unknown and unavailable at the time of the prior preliminary hearing in order to re-file previously dismissed charges.

¶ 15 Given that neither *Waller* nor *Hetherington* support the proposition that Singletary attributes to *Moore*, we conclude that nothing in *Moore* precludes us from following *Jones* and allowing the re-filing of charges and a transfer to a different district justice where the Commonwealth intends to present at the subsequent preliminary hearing evidence that it inadvertently neglected to present at the prior preliminary hearing. The continued validity of this principal is further illustrated by our recent decision in *Commonwealth v. Medrano*, 788 A.2d 422 (Pa.Super.2001).

¶ 16 In *Medrano*, we explicitly stated that "*Moore* does not compel the Commonwealth to produce 'new evidence' every time it wishes to re-file criminal charges." *Id.* at 429. While we affirmed the trial court's order in *Medrano* precluding the Commonwealth from re-filing previously dismissed charges or amending its original criminal complaint to add those previously dismissed charges, we did so based upon our conclusion that the trial court did not abuse its discretion in finding that the Commonwealth's conduct in repeatedly re-filing and attempting to amend the charges against Medrano resulted in actual prejudice. The trial court in that case noted that while the Commonwealth kept trying to reinstate the previously dismissed charges, "[Medrano] remained incarcerated. [His] defense was in a constant state of flux. As the Commonwealth re-filed, withdrew and attempted to amend the complaint, [Medrano's] counsel was forced to reassess, revise, and reevaluate his defense, as the clock counted down towards trial." *Id.* at 428.

■ ¶ 17 Here, unlike *Medrano*, the trial court did not find that Singletary was prejudiced by the Commonwealth's re-filing of the charges upon realizing that it had inadvertently failed to present the evidence that linked Singletary with the knapsack. Moreover, the trial court found that the Commonwealth did not act in bad faith by re-filing the charges. (N.T. August 14, 2001 at p. 16). Under these circumstances, we find no error or abuse of discretion by the trial court. *Compare Commonwealth v. Thorpe*, 549 Pa. 343, 701 A.2d 488 (1997) (trial court correctly refused to reassign an issuing authority where the Commonwealth sought to arrest the defendant for the fourth time despite having arrested him three times in the prior two years on the same charges, having imprisoned him for five months, having been unprepared to proceed at the time of at least five preliminary hearings, and having failed to establish a *prima facie* case when it finally did proceed with a preliminary hearing).

■ ¶ 18 Turning next to the propriety of the portion of the trial court's order that re-assigned this matter to a different district justice for another preliminary hearing, we note that the Commonwealth specifically alleged in its petition that District Justice Vislosky had committed an error of law in requiring the Commonwealth to establish that the additional evidence it presented at the second preliminary hearing was not available or discoverable at the time of the first preliminary hearing. As noted above, we agree with the trial court that District Justice Vislosky's interpretation of *Moore* was incorrect. Because as-

signment of a different issuing authority is appropriate "when an error of law is made by the issuing authority in finding that the Commonwealth did not sustain its burden to establish a *prima facie* case[,]" *Comment*, Pa.R.Crim.P. 544, we find no error or abuse of discretion in that portion of the trial court's order granting the Commonwealth's request that the matter be reassigned to a different issuing authority. *See* Pa.R.Crim.P. 544(B).[8]

¶ 19 Finally, because of our conclusion that the trial court's order is correct to the extent it allows the charges to be re-filed and temporarily assigned a different issuing authority, we also affirm that portion of the trial court's order that denied Singletary's petition for a writ of *habeas corpus*.

¶ 20 For all of the foregoing reasons, we affirm the trial court's order and remand this matter for a preliminary hearing before the temporarily assigned district justice.

¶ 21 Order affirmed. Case remanded for further proceedings. Jurisdiction relinquished.

---

**8. Rule 544. Reinstituting Charges Following Withdrawal or Dismissal**

* * *

(B) Following the re-filing of a complaint pursuant to Paragraph (A), if the attorney for the Commonwealth determines that the preliminary hearing should be conducted by a different issuing authority, the attorney shall file a Rule 132 motion with the clerk of courts requesting that the president judge, or a judge designated by the president judge, assign a different issuing authority to conduct the preliminary hearing. The motion shall set forth the reasons for requesting a different issuing authority.
Pa.R.Crim.P. 544.