J-S22022-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| YASIN SHARIF KENNEDY, | : | |
| | : | |
| Appellant | : | No. 1365 MDA 2013 |

Appeal from the Judgment of Sentence December 13, 2011,
Court of Common Pleas, Lackawanna County,
Criminal Division at No(s): CP-35-CR-0000304-2011,
CP-35-CR-0000306-2011 and CP-35-CR-0003242-2010

BEFORE:  PANELLA, DONOHUE and MUNDY, JJ.

CONCURRING AND DISSENTING MEMORANDUM BY DONOHUE, J.:

**FILED APRIL 09, 2015**

As the author of the discussion of Kennedy's first and third issues, I agree wholeheartedly with the resolution of these issues.  I disagree with the Majority as to the resolution of Kennedy's second issue because in my view, there was no evidence to support a conclusion that Kennedy used the phone to facilitate a drug transaction, and therefore, no underlying felony to support his conviction of criminal use of communication facility.

I reiterate that Kennedy attacks his conviction of criminal use of a communication facility at 10 CR 3242, which involved only the events of November 3, 2010.  He argues that there was insufficient evidence to support his conviction because to be found guilty of this crime, the Commonwealth had to prove that he committed or attempted to commit a

felony. It is Kennedy's position that because the theft by deception and related conspiracy charge were not felonies, this conviction cannot stand. Appellant's Brief at 9-10.

Criminal use of a communication facility is defined as follows:

> **(a) Offense defined**.--A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa.C.S.A. § 7512(a).

To establish evidence sufficient to convict a person of criminal use of communication facility, "the Commonwealth must prove beyond a reasonable doubt that: (1) [the accused] knowingly and intentionally used a communication facility; (2) [the accused] knowingly, intentionally or recklessly facilitated an underlying felony; and (3) the underlying felony occurred." **Commonwealth v. Moss**, 852 A.2d 374 (Pa. Super. 2004); **see also Commonwealth v. Rose**, 960 A.2d 149 (Pa. Super. 2008) ("Under the plain language of the statute, one essential element of the crime is that the person must use the communication facility to bring about a **felony**.") (emphasis in the original). As Kennedy points out, the theft by deception and related conspiracy charge were not felonies. Although Kennedy and the CI spoke over the phone to arrange a meeting on November 3, 2010, and

although Kennedy took the CI's money on that date, there is no evidence to support a finding that Kennedy intended to deliver heroin. Rather, all of the evidence establishes that Kennedy used the phone to set up the theft by deception, which, because of the amount of money stolen, was a misdemeanor offense.

The trial court likens the facts in Kennedy's case to those in **Moss**. In that case, three co-defendants were convicted of criminal use of a communication facility in connection with drug sales. The three defendants' appeals were consolidated before this Court, and we considered the sufficiency of the evidence as to each defendant's criminal use of a communication facility conviction. The trial court in the present case analogized the facts underlying Kennedy's conviction to those of one particular defendant, Sullivan. Trial Court Opinion, 10/24/14, at 19. The facts with regard to Sullivan were that he engaged in "several telephone conversations with … a known drug dealer" which were recorded and that "shortly after one of these conversations, [the drug dealer] was seen entering Sullivan's home and leaving after a few minutes." **Moss**, 852 A.2d at 382. This Court concluded that this evidence was sufficient to support the conclusion that Sullivan used the telephone to cause or facilitate the drug dealer's attempted unlawful delivery of a controlled substance, and therefore that Sullivan's conviction was proper. **Id.** at 382-83. We reasoned as follows:

> We conclude that the evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to sustain the conviction against Sullivan. The record reflects that Sullivan placed a telephone conversation to Johnson inquiring about purchasing drugs, and that Johnson agreed to make the sale. A surveillance report indicates that shortly after the second intercepted telephone conversation, Johnson was seen briefly entering Sullivan's home. Thus, … [Sullivan] made the necessary preparations and arranged a meeting point at which he and Johnson would complete the illicit transaction. Shortly thereafter, Johnson arrived at [Sullivan's] home and [Sullivan] allowed him inside. This evidence, viewed in a light most favorable to the Commonwealth, is sufficient to establish that Appellant took a substantial step toward completing the drug transaction. We will affirm the judgment of sentence against Sullivan.

*Id.* at 383.

These facts are in stark contrast to the case before us. The evidence, when viewed in the light most favorable to the Commonwealth, establishes that Kennedy used a telephone to arrange to meet the CI on November 3, 2010 with the promise to sell the CI a certain amount of heroin. N.T., 9/13/11, at 208-10. Prior to this, Kennedy sold the CI counterfeit heroin because he thought that the CI was working with the police. *Id.* at 208. On November 3, 2010, Kennedy met with the CI, took the CI's money, and left. N.T., 9/13/11, at 210; N.T., 9/14/11, at 52. After waiting for a period of time, the CI came to believe that Kennedy was not returning and informed the agent with whom he was working of this belief. N.T., 9/13/11, at 210; N.T., 9/14/11, at 52. Shortly thereafter, the police stopped Kennedy's

vehicle as it entered the Pennsylvania Turnpike. N.T., 9/14/11, at 56. Following his arrest, Kennedy stated that he was trying to "rip off" the CI because he believed the CI was working with the authorities. *Id.* at 166. Unlike in *Moss*, there is simply no evidence to establish that Kennedy committed or attempted to commit a drug transaction in connection with the offense charged regarding the events of November 3, 2010.

Tellingly, the Majority makes no mention of the trial court's reliance on *Moss*. It opts instead to view this as a matter of the jury rejecting Kennedy's version of events and ultimately concludes that "the evidence … shows that Kennedy took a substantial step toward completing the drug transaction."[1] Maj. Mem. at 12. Yet the Majority expressly bases this conclusion not on evidence of record, but on a presumption. *Id.* ("Kennedy later entered the CI's vehicle, took the money and left – **presumably** to procure heroin.") (emphasis added). There is no basis for this presumption, there was absolutely **no** evidence of Kennedy ever taking money up front and then procuring heroin. To the contrary, the evidence consistently indicated that Kennedy had the heroin in tow when he met with the CIs. *See* N.T., 9/13/11, at 201, 206-07; N.T., 9/14/11, at 10-14, 31-35, 140-42, 148-19. The Majority's conclusion is pure conjecture, and conjecture cannot support a conviction. *See Commonwealth v. Coleman*, 19 A.3d 1111,

---

[1] I acknowledge that this Court can affirm a trial court's decision of any grounds. *See Commonwealth v. Singletary*, 803 A.2d 769, 772-73 (Pa. Super. 2002).

1118 (Pa. Super. 2011) ("[I]nferences [drawn from evidence] must flow from facts and circumstances proven in the record … . The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.)."

For these reasons, I conclude that Kennedy's conviction of criminal use of a communication facility must be vacated, and I dissent as to that portion of the Majority's decision.