J-S39036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| SHAWN WILMER, | : | |
| | : | |
| Appellant | : | No. 32 WDA 2017 |

Appeal from the PCRA Order December 15, 2016,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0016482-2005

BEFORE:   BENDER, P.J.E., BOWES, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JULY 07, 2017**

Shawn Wilmer (Appellant) *pro se* appeals from the December 15, 2016 order which denied his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm, albeit on a basis different than that of the PCRA court.[1]

This Court has summarized the facts and procedural history underlying this case as follows.

> On December 9, 2005, the Commonwealth charged Appellant with criminal homicide and criminal conspiracy, in connection with the March 16, 2005 shooting death of Keith Watts ("Victim").[2]  Appellant proceeded to a jury trial on April

---

[1] "It is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." ***Commonwealth v. Singletary***, 803 A.2d 769, 772–73 (Pa. Super. 2002).

[2] Appellant was tried jointly with co-defendants Jheri Matthews and Howard Kelley.  The evidence at trial established that Appellant, along with his co-defendants, was driving in a green Hyundai when it pulled up next to a car

*Retired Senior Judge assigned to the Superior Court.

19, 2007. [Relevant to this appeal, a]t trial, the Commonwealth presented the testimony of James Jones ("[]Jones"). [] Jones testified that Appellant had confessed to [] Jones that Appellant had killed Victim. [] Jones also testified that Appellant had complained to [] Jones that Appellant's co-defendant was trying to take credit for Victim's death. In response to [] Jones'[s] testimony, Appellant presented the testimony of David Tracey ("Mr. Tracey"). Mr. Tracey testified that he knew both Appellant and [] Jones from when they were in jail together. Mr. Tracey stated Appellant stopped by Mr. Tracey's cell in October 2006, while [] Jones was in Mr. Tracey's cell. Mr. Tracey further testified that after Appellant left Mr. Tracey's cell, [] Jones indicated to Mr. Tracey that he planned to use Appellant to get out of jail. In rebuttal to Mr. Tracey's testimony, the Commonwealth presented the testimony of Allegheny County Jail Internal Affairs Captain, Thomas Leicht ("Captain Leicht"). Captain Leicht testified his review of past jail records revealed that [] Jones was not in jail in October 2006, when [] Jones allegedly told Mr. Tracey that Mr. Jones planned to use Appellant to get out of jail. Specifically, Captain Leicht testified that [] Jones did not enter jail until April 11, 2007.

On May 4, 2007, the jury found Appellant guilty of first-degree murder and criminal conspiracy. The trial court deferred sentencing pending the preparation of a pre-sentence investigation report. On November 5, 2007, the trial court sentenced Appellant to life imprisonment for the first-degree murder conviction, and a consecutive term of two-hundred and forty (240) to four hundred and eight (480) months' imprisonment for the conspiracy conviction. On November 14,

---

with Victim, Alfred Grimmit, and Raymont Dillard. Shots were fired from the green Hyundai into the other car killing Victim and wounding Grimmit. "The evidence established that these defendants were motivated to kill [Victim] because they believed he was responsible for shooting [co-defendant Matthews]." ***Commonwealth v. Wilmer***, 976 A.2d 1218 (Pa. Super. 2009) (unpublished memorandum) citing Trial Court Opinion, 9/16/2008, at 10. In addition to physical evidence found in the vehicle, the testimony at trial included various statements and admissions made by co-defendants to various friends, all of whom grew up and lived together in the same neighborhood. For example, one friend, Walters, testified that "[Appellant] confirmed his involvement in the shooting when he complained to Walters that [co-defendant] Kelley was talking too much about the shooting." ***Id***.

2007, Appellant filed a post-sentence motion, and Appellant filed an amended post-sentence motion on March 25, 2008. Appellant attached jail records to his post-sentence motions, which established that Mr. Tracey and [] Jones were both in jail in October 2006. These jail records directly contradicted Captain Leicht's testimony at trial. On April 17, 2008, the trial court denied Appellant's post-sentence motions. Appellant timely filed a notice of appeal on May 16, 2008. This Court affirmed Appellant's judgment of sentence on May 11, 2009, and our Supreme Court denied allowance of appeal on February 5, 2010. *See Commonwealth v. Wilmer*, 976 A.2d 1218 (Pa. Super. 2009), *appeal denied*, [] 989 A.2d 8 ([Pa.] 2010).

On July 16, 2010, Appellant timely filed a *pro se* PCRA petition, and the court appointed counsel on September 10, 2010. On November 19, 2010, appointed counsel filed an application to withdraw and a "no merit" letter pursuant to *Commonwealth v. Turner*, [] 544 A.2d 927 ([Pa.] 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On January 21, 2011, the PCRA court granted appointed counsel's application to withdraw and issued its notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 notice"). On February 11, 2011, Appellant filed a *pro se* response to the PCRA court's Rule 907 notice, and Appellant filed an amended *pro se* response to the PCRA court's Rule 907 notice on April 20, 2011. The PCRA court denied relief on June 15, 2011. Appellant filed a timely *pro se* notice of appeal to this Court on June 28, 2011. On April 25, 2012, this Court determined appointed counsel's "no-merit" letter was deficient and remanded the case to the PCRA court with directions to appoint new counsel.

On October 26, 2012, the PCRA court appointed new PCRA counsel to represent Appellant. Appellant filed an amended PCRA petition on January 2, 2014, in which Appellant claimed trial counsel and appellate counsel were ineffective. On March 9, 2015, the PCRA court issued a Rule 907 notice to Appellant's amended PCRA petition, and the PCRA court denied relief on April 24, 2015. Appellant timely filed a notice of appeal on May 22, 2015. []

***Commonwealth v. Wilmer***, 135 A.3d 669 (Pa. Super. 2015) (unpublished memorandum at 1-2) (footnote added).

This Court concluded that "Appellant's issues on appeal [had] no merit." ***Id***. at 7. Thus, on December 15, 2015, this Court affirmed the order of the PCRA court denying Appellant's petition. On April 26, 2016, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Wilmer***, 138 A.3d 4 (Pa. 2016).

On May 26, 2016, Appellant filed the PCRA petition at issue in this appeal. In that petition, Appellant acknowledged that his petition was facially untimely, but argued that it met the newly-discovered facts exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"). Appellant also argued that his petition was "filed within 60 days of the date the claim could have been presented" pursuant to 42 Pa.C.S. § 9545(b)(2).

Specifically, Appellant averred that Jones "is willing to testify as to his testimonial fabrication during [Appellant's] trial." PCRA Petition, 5/26/2016, at 13. In other words, Appellant avers that Jones will recant his testimony. Attached to Appellant's petition is an "Affidavit of Truth" signed by Jones.

According to the affidavit, Jones's "testimony was false by way of incriminating [Appellant] as a suspect in the death of [Victim]." PCRA Petition, 5/26/2016, at Exhibit A. According to Jones, he was incarcerated on his own drug charges and reached out to a friend to see how he could get out of trouble. That friend put him in touch with another friend who "insisted [Jones] write a letter saying … [Appellant] … killed [Victim]." *Id*. Jones states that he wrote this "letter out of desperation because [he] just wanted to get out of jail." *Id*. Appellant claims he received this unsolicited affidavit, dated March 23, 2016, shortly thereafter.

On November 11, 2016, the PCRA court issued a memorandum and 907 notice. In that memorandum, the PCRA court pointed out the following.

> [Appellant's] claim rests solely on the recantation by Jones of his testimony at trial. Recantation testimony is considered extremely unreliable. The lack of reliability of Jones'[s] recantation is bolstered because it is wholly contradicted by other evidence presented at trial that establish[ed] [Appellant's] guilt and which was sufficient to support that verdict even if Jones['s] trial testimony is ignored.
>
> ***
>
> In light of the suspect nature of recantation claims in general, coupled with the stark inconsistency between Jones'[s] new version of events and undisputed physical evidence presented at trial, as well as other evidence, independent of Jones'[s] trial testimony, that supported the verdicts of guilty, the [PCRA c]ourt does not believe that Jones'[s] recantation creates a material dispute of fact; that [Appellant] is not entitled to relief as a matter of law and that no purpose would be served by holding an evidentiary hearing.

PCRA Court Opinion, 11/16/2016, at 5-8 (citation omitted).

- 5 -

Appellant filed a response, and on December 15, 2016, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.[3]

Before we may consider the merits of Appellant's claims, we must determine whether his PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Robinson***, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545.

Appellant acknowledges that his petition is facially untimely. However, Appellant alleges that his petition satisfies the newly-discovered facts exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).

> Our Supreme Court has previously described a petitioner's burden under the newly-discovered fact exception as follows.
>
> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the facts upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence*." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).
>
> ***Commonwealth v. Bennett***, [] 930 A.2d 1264, 1272 ([Pa.] 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must

---

[3] The PCRA court did not order a statement pursuant to Pa.R.A.P. 1925(b) and none was filed.

- 6 -

explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

***Commonwealth v. Medina***, 92 A.3d 1210, 1216 (Pa. Super. 2014) (some citations and quotation marks omitted).

Instantly, Appellant has not only failed to establish that the "Affidavit of Truth" contained new facts, but he has also failed to satisfy the requirements to establish due diligence in obtaining the "Affidavit of Truth." Jones testified at trial that Appellant confessed to Jones that Appellant killed Victim. Appellant presented testimony from another inmate, Mr. Tracey, to contradict that conversation. Thus, even if we believe the affidavit, the fact that Jones was lying is not a newly-discovered fact to Appellant. According to him, he knew that Jones was lying at trial and even tried to impeach his credibility as a witness.

Moreover, even if the facts contained in the "Affidavit of Truth" met the criteria for being newly-discovered facts, and were assumed to be true, Appellant has not established that he acted with due diligence in obtaining this affidavit. ***See Commonwealth v. Davis***, 86 A.3d 883, 891 (Pa. Super. 2014) (holding that Davis established due diligence where "[a]ttached to his amended PCRA petition, [Davis] proffered affidavits from several friends and family members who claimed that they attempted to locate Watson after [Davis's] trial in order to convince [a witness] to admit that he lied on the stand"); ***but see Medina***, 92 A.3d at 1217 (rejecting the Commonwealth's

- 7 -

argument that Medina failed to establish due diligence under circumstances where Medina could have had no way to know that the child-witness was potentially lying because of threats by a detective made prior to trial).

Instantly, Appellant's PCRA petition is devoid of any efforts he made in trying to convince Jones to recant the testimony which Appellant claims he knew to be false. Thus, we conclude that Appellant has not established he acted with due diligence to meet the newly-discovered facts exception to the timeliness requirement. Accordingly, Appellant's petition was filed untimely without exception, and the PCRA court lacked jurisdiction to consider it on the merits. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017