J-A21045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL SOMAHKAWAHHO | : | |
| | : | |
| Appellant | : | No. 669 EDA 2021 |

Appeal from the PCRA Order Entered March 3, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0003066-2013

BEFORE:   KUNSELMAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED SEPTEMBER 21, 2021**

Appellant Michael Somahkawahho appeals from the order of the Court of Common Pleas of Bucks County denying his second petition pursuant to the Post-Conviction Relief Act (PCRA).[1]  As Appellant's petition was untimely filed, the PCRA court had no jurisdiction to review Appellant's petition.  As such, we affirm the denial of Appellant's petition.

Appellant was charged with multiple felony offenses in connection with allegations that he had sexually assaulted his biological daughter.  On October 23, 2015, Appellant entered a *nolo contendere* plea to Rape of a Child, Rape by Forcible Compulsion, Involuntary Deviate Sexual Intercourse (IDSI), Aggravated Indecent Assault of a Child, Corruption of Minors, Indecent Assault – Person Less than 13 Years of Age, and Endangering the Welfare of Children.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On March 12, 2014, the trial court imposed an aggregate term of twenty to forty years' imprisonment which included mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9718. Appellant did not file a direct appeal.

On March 2, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who subsequently filed an amended petition alleging that Appellant's trial counsel was ineffective in failing to challenge the legality of the mandatory minimum sentences that Appellant received. The amended petition did not include any other claims of ineffectiveness and on October 26, 2016, by the agreement of the parties, the PCRA court granted Appellant collateral relief in the form of a re-sentencing hearing.

On May 3, 2017, the trial court resentenced Appellant to an aggregate term of incarceration of not less than sixteen nor more than forty years' imprisonment. On May 12, 2017, Appellant filed a motion to reconsider his sentence, which the trial court subsequently denied. On appeal, this Court affirmed the judgment of sentence on July 25, 2018 and the Supreme Court denied Appellant's petition for allowance of appeal on February 28, 2019.

On January 27, 2020, Appellant filed a second *pro se* PCRA petition. The PCRA court appointed Appellant counsel, who filed an amended petition on Appellant's behalf. The PCRA court held an evidentiary hearing on December 1, 2020 and denied Appellant's petition on the merits on March 4, 2021. Appellant filed a timely appeal and complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one claim for our review on appeal, asking whether Appellant's "guilty plea counsel's failure to discuss the absence of DNA evidence with him before he entered his *nolo contendere* render[ed] the Appellant's plea unknowing and involuntary." Appellant's Brief, at 3.

As an initial matter, we must determine whether the instant PCRA petition was timely filed. The PCRA court found that the issue of the PCRA petition's timeliness was moot because it determined that the instant petition fails on its merits. However, the lower court erred in failing to address the timeliness of the petition and proceeding to review the merits of Appellant's arguments as it is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted).

Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3). However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or

evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Appellant claims that the instant petition should be considered a timely first PCRA petition. Although Appellant acknowledges that he was originally sentenced in March 2014, he asserts that when the PCRA court granted him a new resentencing hearing that was held in October 2017, this action reset the date in which his judgment of sentence became final and set a new date from which the PCRA's jurisdictional timeliness requirement would begin to run.

This Court has held that "a successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa.Super. 2008) (citing ***Commonwealth v. Dehart***, 730 A.2d 991 994 n.2 (Pa.Super. 1999)). Our Supreme Court has found that a petitioner may file a PCRA petition seeking collateral relief in connection with resentencing proceedings within one year of the date that the new judgment of sentence becomes final. ***See Commonwealth v. Lesko***, 609 Pa. 128, 177, 15 A.3d 345, 374 (2011).

In Appellant's initial PCRA petition, Appellant did not seek a direct appeal *nunc pro tunc*, but merely asked for a resentencing hearing to address the

- 4 -

application of the mandatory minimum provisions. The PCRA court, in granting this initial petition, neither restored his direct appeal rights nor disturbed his convictions, but merely granted Appellant a resentencing hearing at which the Commonwealth would not invoke the mandatory minimum sentencing provisions. **See** PCRA court order, 10/12/16, at 1. Appellant then filed an appeal which was limited to challenges related to his resentencing.

In the instant petition, Appellant does not challenge his resentencing proceedings, but seeks to disturb the finality of his convictions by arguing that his *nolo contendere* plea was not voluntarily and intelligently entered. However, Appellant's convictions became final on April 11, 2014, when the time period for filing a direct appeal expired.

While Appellant was resentenced in 2017, his direct appeal rights were not reinstated *nunc pro tunc*, and Appellant's successful first PCRA petition did not reset the clock for the calculation of the finality of the judgment of sentence for purposes of the instant PCRA petition. As such, we employ the date of Appellant's original judgment of sentence for calculating finality and deem Appellant's instant petition which was filed on January 27, 2020 to be untimely.

While Appellant repeatedly claimed in the lower court that his petition should be deemed to be a timely first PCRA petition, Appellant failed to plead and prove any exceptions to the timeliness requirement. As such, the PCRA court lacked jurisdiction to entertain the merits of his claims. **Walters**, **supra**. Accordingly, we affirm the PCRA court's dismissal of Appellant's petition albeit

on different grounds. ***Commonwealth v. Singletary***, 803 A.2d 769, 772–73 (Pa.Super. 2002) (emphasizing that this Court may "affirm [the PCRA court's] decision on any ground without regard to the ground relied upon by [the PCRA court] itself").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/21/2021