J-S07015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH CALDWELL | : | |
| | : | |
| Appellant | : | No. 214 WDA 2021 |

Appeal from the PCRA Order Entered December 22, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006929-2007

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.: **FILED: MARCH 21, 2022**

Appellant, Keith Caldwell, appeals *pro se* from the order entered on December 22, 2020 dismissing his most recent petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarize the facts and relevant procedural history of this case as follows. On March 12, 2008, a jury convicted Appellant of first-degree murder for the shooting death of his grandfather. On November 14, 2011, this Court affirmed Appellant's judgment of sentence. ***See Commonwealth v. Caldwell***, 38 A.3d 919 (Pa. Super. 2011). Our Supreme Court denied further review. ***See Commonwealth v. Caldwell***, 44 A.3d 1160 (Pa. 2012). On December 5, 2012, Appellant filed a *pro se* PCRA petition and the PCRA court appointed counsel. Appointed counsel subsequently filed a petition to

_____

[*] Retired Senior Judge assigned to the Superior Court.

withdraw and a "no merit" letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On May 20, 2013, the PCRA court granted counsel permission to withdraw and dismissed Appellant's PCRA petition. This Court affirmed the dismissal of Appellant's first PCRA petition. **See Commonwealth v. Caldwell**, 1381 WDA 2013 (Pa. Super. 2014) (unpublished memorandum). On September 19, 2014, Appellant filed a subsequent *pro se* PCRA petition. The PCRA court dismissed the PCRA petition as untimely and not subject to an exception under the PCRA. This Court affirmed the PCRA court's decision in an unpublished memorandum on April 15, 2016. **See Commonwealth v. Caldwell**, 2016 WL 1546420 (Pa. Super. 2016) (unpublished memorandum). Our Supreme Court again denied further review. **See Commonwealth v. Caldwell**, 160 A.3d 773 (Pa. 2016). Most recently, on October 6, 2020, Appellant filed a motion citing the "Right to Know Act" and seeking discovery of documents evidencing a purported deal between the Commonwealth and trial witness Ernie Daniels. The court treated Appellant's request as a PCRA petition and dismissed it by order entered on December 22, 2020. This appeal resulted.[1]

---

[1] Appellant's petition was dismissed by order on December 22, 2020. Appellant's *pro se* notice of appeal, which he filed from prison, was dated January 22, 2021 or 31 days after the order at issue. Appellant verified that he placed his notice of appeal in the prison mailbox on January 22, 2021. Accordingly, Appellant's *pro se* notice of appeal was technically one-day late and, thus, untimely. **See** Pa.R.A.P. 903(a) ("the notice of appeal … shall be

On appeal, Appellant presents the following issue for our review:

> Did the [PCRA court] err by failing to order the District Attorney's Office to turn over any and all documents, paperwork and filings, including a deal for money, compensation, housing, immunity, [leniency], or anything else for Ernie Daniels in exchange for any of the following: his statements made to [d]etectives, his testimony against [Appellant], the conviction of [Appellant], or any other reason that could be connected to this case in any way, before or after the conviction[?]

**See** Appellant's *Pro Se* Brief (unpaginated).

_____

filed within 30 days after the entry of the order from which the appeal is taken."); **see also Commonwealth v. Betts**, 240 A.3d 616 (Pa. Super. 2020) (under the "prisoner's mailbox rule," post-conviction submissions from an incarcerated litigant are deemed to be filed when deposited into the prison mailing system, or handed over to prison officials for mailing). On March 25, 2021, this Court entered a rule to show cause order directing Appellant to address the purported untimeliness of his appeal. Appellant did not respond. After further review of the trial court docket, however, we recognized there was no notation listing when service of the order denying PCRA relief was given to Appellant. **See** Pa.R.Crim.P. 114(C)(2)(c) (docket entries "shall contain" the "date of the service of the order"); **see also** Pa.R.Crim.P. 907(4) ("When the PCRA petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed and served as provided in Rule 114."); **see also** Pa.R.A.P. 108 (appeal period only begins running on the date the clerk "mails or delivers" copies of the order to the parties). Without a notation on the docket, it is unclear how or when Appellant was served with a copy of the PCRA dismissal order. As such, we accept Appellant's appeal as timely. **See Commonwealth v. McAleer**, 2381 EDA 2019 (Pa. Super. 2020) (unpublished memorandum) (finding a breakdown in court operations where the PCRA court failed to comply with Pennsylvania Rules of Criminal Procedure 114 and 907(4)). We discharged the rule to show cause order on April 28, 2021. We note that the PCRA court did not order Appellant to file a concise statement of errors complained of on appeal nor did it file an opinion pursuant to Pa.R.A.P. 1925.

Although treated as a serial PCRA petition subject to the PCRA's time restrictions, Appellant's motion was solely a discovery request. We review the denial of a discovery request under the PCRA for an abuse of discretion or an error of law. *See Commonwealth v. Thompson*, 248 A.3d 483, at *3 (Pa. Super. 2021) (unpublished memorandum).[2] In *Thompson*, we stated:

> To the extent that [an a]ppellant's petition is solely a discovery request, the PCRA court properly decline[s] to consider it in the absence of a pending PCRA claim. The PCRA specifically provides that "[n]o court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under [the PCRA]." 42 Pa.C.S.A. § 9545(a); *see also Commonwealth v. Crider*, 735 A.2d 730, 733 (Pa. Super. 1999) ("[A] trial court, confronted only with a petition for production of documents where no action is pending, is in no position to assess a petitioner's claims to determine whether they constitute compelling reasons warranting a grant of the petitioner's petition.").

*Id.* at *4. Here, there was no pending PCRA petition when Appellant requested "any and all documents" in the Commonwealth's possession pertaining to its trial witness, Ernie Daniels. As such, we discern no abuse of discretion or error of law in denying Appellant's collateral discovery request.[3]

Order affirmed.

---

[2] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

[3] "It is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." *Commonwealth v. Singletary*, 803 A.2d 769, 772–773 (Pa. Super. 2002) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  03/21/2022