J-S34014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY RICHARD MACHADO | : | |
| | : | |
| Appellant | : | No. 97 MDA 2025 |

Appeal from the PCRA Order Entered January 15, 2025
In the Court of Common Pleas of Lancaster County
Criminal Division at No:  CP-36-CR-0003717-2021

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED: JANUARY 14, 2026**

Appellant, Anthony Richard Machado, appeals *pro se* from the order entered on January 15, 2025, in the Court of Common Pleas of Lancaster County, dismissing Appellant's petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

> On September 1[3], 2024, [Appellant,] filed *pro se* [a PCRA petition][1] seeking relief under [the PCRA].  On December 12, 2024, [the PCRA Court] issued a [Pa.R.Crim.P.] 907 Notice stating it intended to dismiss Appellant's [PCRA petition] without a

---

[1] In its May 29, 2025, opinion, the PCRA court stated that Appellant filed an Amended PCRA petition on September 16, 2024.  However, a review of the record reveals that Appellant filed a PCRA petition, not an amended PCRA petition, on September 13, 2024.  We also note that the electronic record forwarded to us erroneously shows that said PCRA petition was filed on 6/16/24.  In fact, the PCRA petition at issue here was filed on September 13, 2024, as shown by the time stamp on the petition itself.

hearing due to it being untimely.[2]   On January 15, 2025. [the PCRA Court] dismissed Appellant's [PCRA petition].

Appellant filed his Notice of Appeal on January 31, 2025.   On March 24, 2025, Appellant was present in the Lancaster County Courthouse to attend a ***Grazier*** hearing.   On April 2, 2025, [the PCRA court] issued an Order, pursuant to Pa.R.A.P. 1925(b), directing the parties to file a concise statement of matters complained of on appeal (hereinafter "1925(b) Order").   In the 1925(b) Order, [Appellant] was directed to file his concise statement by April 23, 2025.  Due to an error in transmittal of the 1925(b) Order to Appellant, [the PCRA court] granted Appellant an extension to file a concise statement by May 1, 2025.  On April 25, 2025, Appellant sent correspondence to [the PCRA court's chambers] representing that he was in the process of getting sent back to SCI Mahanoy and therefore did not have the proper documents and research to file a timely concise statement.  Based on Appellant's representations, [the PCRA court] granted Appellant another extension to file a concise statement by May 15, 2025.  Appellant has failed to do so.

PCRA Court Opinion, 5/29/25, at 1-2.

As noted, the PCRA court denied Appellant's petition on January 15, 2025.  In denying relief, the PCRA court noted that it ordered Appellant to file a concise statement of matters complained of on appeal.  ***Id.***  As Appellant failed to do so, the PCRA court found that Appellant waived all issues for appellate review.  ***Id.*** at 2 (citation omitted).  We disagree.

A review of the order in question reveals that the order fails to conform with the notice requirements of Rule 1925(b)(3)(iii), which states, in relevant

---

[2] It should be noted that in its Rule 907 Notice, the PCRA court concluded, that the underlying PCRA petition was timely.  Thus, to the extent that the PCRA court in its May 29, 2025, opinion states that in its Rule 907 Notice the court found the underlying PCRA petition untimely, the statement is inaccurate.

part, that an order "shall specify . . . the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii). The trial court's Rule 1925 does not include this requirement. That was error by the trial court. ***Commonwealth v. Massey***, 2022 WL 4231023, at *2 (Pa. Super. unpublished memorandum September 14, 2022).[3] Accordingly, the trial court's order directing the filing of the statement was unenforceable because it did not strictly comply with Rule 1925(b). ***See Commonwealth v. Stroud***, 298 A.3d 1152, 1156 (Pa. Super. 2023). Because the court's order was deficient, we cannot conclude that Appellant waived his claim before us. ***Massey***, ***supra***, at *3 ("Our appellate courts have recognized that an appellant's noncompliance with Rule 1925(b) only results in waiver when the trial court has complied with notice requirements of Rule 1925(b).").

In his *pro se* PCRA petition Appellant alleged that: (1) his plea was not knowing, voluntary and intelligent; (2) his plea was coerced by trial court, which, according to Appellant, engaged in plea bargaining; and (3) trial counsel and PCRA counsel were ineffective for failing to raise the validity of his guilty plea.

Before addressing the merits of Appellant's claims, we must determine whether the underlying PCRA petition is timely. The PCRA court and PCRA

---

[3] ***See generally*** Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

counsel, inexplicably, found the underlying PCRA petition timely. **See** PCRA Court Pa.R.Crim.P. 907 Notice, 12/12/24, at 5. In fact, it is untimely.

Our standard of review from a PCRA court's determination is well settled. We must determine whether the ruling of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citing **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011)). We consider the record in the light most favorable to the prevailing party. **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015). When supported by the record, this Court is bound by the PCRA court's credibility determinations. **Commonwealth v. Burton**, 158 A.3d 618, 627 n.13 (Pa. 2017). However, we afford no such deference to the PCRA court's legal conclusions, thus, applying a *de novo* standard of review to such rulings. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

The PCRA mandates that any petition must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner can establish one of three narrow statutory exceptions: (1) interference by government officials, (2) newly discovered facts, or (3) an after-recognized constitutional right that applies retroactively. These exceptions are codified in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). If a petitioner fails to invoke and prove one of these exceptions, courts are without jurisdiction to review the petition. **See, e.g., Commonwealth v. Branthafer**, 315 A.3d 113, 124 (Pa. Super. 2024).

Here, it is undisputed that the underlying petition is facially untimely. Appellant's judgment of sentence became final on May 19, 2022, upon expiration of the 30-day period to file a direct appeal. Appellant therefore had one year from May 19, 2022, to file a timely PCRA petition. In other words, to be timely, the underlying PCRA petition had to be filed by May 19, 2023. *See*, *e.g.*, *Commonwealth v. Brown*, 943 A.2d 264, 268 (Pa. 2008) (holding "in circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA."). The instant petition, which was filed on September 16, 2024, is therefore facially untimely.

Additionally, a review of the record readily establishes that Appellant failed to plead and prove the applicability of any of the above exceptions. We conclude, therefore, that the underlying PCRA petition is untimely, and as such, is not reviewable.[4]

---

[4] To the extent Appellant characterizes his claims as of constitutional dimension or as affecting the legality of his sentence, these characterizations do not exempt Appellant from complying with the time-requirements under the PCRA. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); *Commonwealth v. Pursell*, 749 A.2d 911, 915 (Pa. 2000) ("we have repeatedly held that claims of ineffective assistance of counsel do not automatically qualify pursuant to the exceptions to the one-year time limitation provided in 42 Pa.C.S. § 9545(b)(1)(i)–(iii)").

Because the timeliness requirements of the PCRA are jurisdictional in nature, neither this Court nor the lower court has the authority to address the merits of Appellant's petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Accordingly, the lower court erred in addressing the merits of Appellant's claims. Nonetheless, we affirm the PCRA's order dismissing the underlying petition, albeit for different reasons. *See Commonwealth v. Doty*, 48 A.3d 451, 456 (Pa. Super. 2012) (holding that this Court is not bound by the rationale of the PCRA court and may affirm on any basis); *Commonwealth v. Singletary*, 803 A.2d 769, 772–73 (Pa. Super. 2002) (same).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/14/2026