J-S20014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRELL JONES | : | |
| | : | |
| Appellant | : | No. 2400 EDA 2019 |

Appeal from the PCRA Order Entered August 7, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004523-2007

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 29, 2020**

Appellant, Tyrell Jones, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After review, we affirm the order dismissing the petition, albeit on different grounds. *See Commonwealth v. Walsh*, 125 A.3d 1248, 1253 (Pa. Super. 2015) (quotation omitted) (We can affirm the PCRA court's decision if there is any basis to support it, even if we rely on different grounds to affirm.).

The pertinent facts and procedural history, gleaned from a memorandum filed by a prior panel of this Court, *see Commonwealth v. Jones*, 153 A.3d 1104, 2813 EDA 2015 (Pa. Super. filed June 9, 2016) (unpublished memorandum), are as follows: On January 14, 2010, a jury convicted Appellant of second-degree murder, third-degree murder, robbery,

and criminal conspiracy for his role in a July 8, 2007 murder-robbery.[1]  On April 5, 2010, the trial court sentenced Appellant to life in prison on the second-degree murder conviction, five to ten years of imprisonment for robbery, and five to ten years of incarceration for criminal conspiracy.  The trial court did not impose a sentence for the third-degree murder conviction. On November 4, 2011, this Court affirmed Appellant's convictions, and our Supreme Court denied Appellant's petition for allowance of appeal on April 26, 2013.  *Commonwealth v. Jones*, 38 A.3d 911, 1230 EDA 2010 (Pa. Super. filed November 4, 2011) (unpublished memorandum), *appeal denied*, *Commonwealth v. Jones*, 67 A.3d 794, 466 MAL 2012 (Pa. 2013).  Appellant did not file a petition for a writ of *certiorari* to the United States Supreme Court.

On July 2, 2014, Appellant timely filed his first *pro se* PCRA petition. Counsel was appointed, and on April 7, 2015, counsel filed an amended PCRA petition.  On May 28, 2015, the PCRA court held an evidentiary hearing. Thereafter, on August 11, 2015, the PCRA court denied the petition.  PCRA counsel, however, did not receive a copy of the August 11, 2015 order. Accordingly, with the agreement of the Commonwealth, the PCRA court granted PCRA counsel's request to file an appeal *nunc pro tunc*, and an appeal was timely filed.  On June 9, 2016, this Court affirmed the order dismissing

_____

[1] 18 Pa.C.S. §§ 2502(b), 2502(c), 3701(a)(1), and 903(a)(1), respectively.

Appellant's PCRA petition, and on September 27, 2016, the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***Jones***, 153 A.3d at 1104, *appeal denied*, ***Commonwealth v. Jones***, 158 A.3d 75, 422 MAL 2016 (Pa. 2016).

On June 21, 2019, Appellant filed a second *pro se* PCRA petition, alleging that the Pennsylvania Supreme Court's decision in ***Hudson v. Pennsylvania Board of Probation and Parole***, 204 A.3d 392 (Pa. 2019) ("***Hudson***"), establishes that his lifetime incarceration, without the possibility of parole, is an illegal sentence. PCRA Petition, 6/21/19, at 1–3. On June 26, 2019, the PCRA court filed a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition. The PCRA court advised that it was denying the petition because it was untimely. Pa.R.Crim.P. 907 Notice, 6/26/19, at 2 n.1. The PCRA court also determined that Appellant was unable to demonstrate that any of the exceptions to the PCRA's timeliness requirements applied. ***Id.*** at 3 n.1.[2]

---

[2] Appellant asserted that his petition was timely under section 9545(b)(1)(ii)'s "newly discovered-fact" exception. PCRA Petition, 6/21/19, at unnumbered 1–2. In its Pa.R.Crim.P. 907 notice of intent to dismiss, the PCRA court concluded generally that the PCRA petition was untimely, particularly noting that the timeliness exception outlined in section 9545 (b)(1)(iii), regarding after-recognized constitutional rights, did not excuse its untimeliness. Pa.R.Crim.P. 907 Notice, 6/26/19, at 3 n.1. The PCRA court did not specifically address Appellant's claim that the untimeliness was excused by the "newly discovered-fact" exception. While the PCRA court misidentified the PCRA subsection underpinning Appellant's attempt to circumvent the jurisdictional time-bar, as an appellate court, we are empowered to "affirm [the PCRA court's] decision on any ground without regard to the ground relied upon by [the PCRA court itself.]" ***Commonwealth***

Appellant filed a response to the PCRA court's Rule 907 notice, reasserting his argument that **Hudson** confirms that he is serving an illegal sentence. Petitioner's Response to Rule 907 notice, 8/7/19, at 1–3.[3] On August 7, 2019, the PCRA court dismissed Appellant's petition. In its order of dismissal, the PCRA court concluded:

> On June 25, 2019, this court gave [Appellant] the mandatory twenty-day notice of its intent to dismiss his [PCRA] petition after finding that there were no genuine issues concerning any material fact and that [Appellant] is not entitled to post-conviction collateral relief and no purpose would be served by any further proceedings. On July 15, 2019, the court received a pro se document entitled[,] "Petitioner's Response to This Court's 6/2[6]/19 907 Notice." [Appellant's] filing did not include any new potential issues to be raised by [Appellant], nor did it include any facts that would entitle him to relief. After reviewing [Appellant's] response, the court finds that the information contained therein does not alter the court's opinion that he is not entitled to post-conviction collateral relief. The court finds, therefore, as it did previously, that he is not entitled to post-conviction collateral relief and that no purpose would be served by any further proceedings in this matter. Accordingly, [Appellant's] petition is properly dismissed.

Order, 8/7/19, at 2 n.1.

_____

**v. McKeever**, 947 A.2d 782, 786 (Pa. Super. 2008) (quoting **Commonwealth v. Singletary**, 803 A.2d 769, 772–73 (Pa. Super. 2002)).

[3] Although the response was filed more than twenty days after the PCRA court issued its notice of intent to dismiss, the PCRA court indicated that it received Appellant's response on July 15, 2019, considered its contents, and concluded that it "did not include any facts that would entitle him to relief." Order, 8/7/19, at 2 n.1. The official docket indicates that Appellant's response was filed on August 7, 2019, and notes that the pleading was sent to the PCRA court directly on July 15, 2019, but it was not received by the Clerk of Courts until August 7, 2019. Official Docket Entry #8.

- 4 -

Appellant filed a timely notice of appeal. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.[4]

Appellant raises the following two issues for appellate review, which we recite *verbatim*:

> 1. Did the PCRA court err in construing Jones' 2nd PCRA petition under §9545 (b)(1)(iii), as opposed to §9545(b)(1)(ii)?
>
> 2. To the extent the PCRA court's decision could be construed as addressing Jones' claim under §9545(b)(1)(ii), did the PCRA court err in determining that the following statements pronounced by the Pa. Supreme Court (for the 1st time in Pennsylvania) in [***Commonwealth v. Hudson***], doesn't qualify as "newly-discovered facts" under §9545(b)(1)(ii):
>
> (a) 42 Pa. C.S. §9756(c) implies that in every other instance besides the 4 categories mentioned, a sentencing court ***may not*** impose a sentence which ***omits a parole eligibility date***.
>
> (b) "courts, sentencing defendants to a mandatory term of life imprisonment, were ... ***unable to omit one*** (i.e. a parole availability date) in accordance with law."
>
> (c) "In §9756(c), the General Assembly unambiguously limited a sentencing courts ability to sentencing a person without the "right to parole" to 4 categories of offenders. ***Second degree murderers do not fall within one of the 4 categories.***"

Appellant's Brief at 3.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the

---

[4] On November 20, 2019, the PCRA court issued its Pa.R.A.P. 1925(a) opinion in which it directed this Court's attention to the PCRA court's June 25, 2019 Notice of Intent to Dismiss and its August 7, 2019 order dismissing Appellant's petition "which include the reasons for the court's decision in this matter." PCRA Court Opinion, 11/20/19, at 1.

PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012).

We initially must determine whether Appellant has filed a timely petition. A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3).

Beyond the one-year time-bar, a petitioner must plead and prove at least one of the time-bar exceptions. These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 6 -

42 Pa.C.S. § 9545(b)(1)(i)–(iii). A petitioner must raise the claim within one year that the claim could have been raised. *Id.* at § 9545(b)(2).[5]

In the case *sub judice*, Appellant was sentenced on April 5, 2010. As noted, this Court affirmed the judgment of sentence on November 4, 2011, and the Pennsylvania Supreme Court of Pennsylvania denied the petition for allowance of appeal on April 26, 2013. Appellant did not file a petition for a writ of *certiorari* to the United States Supreme Court; thus, his judgment of sentence became final ninety days later on July 25, 2013. 42 Pa.C.S. §§ 9545(b)(1), (3); U.S. Sup. Ct. R. 13. Pursuant to 42 Pa.C.S. § 9545(b)(1) and (3), Appellant had one year within which to file a PCRA petition, *i.e.*, no later than July 25, 2014. Thus, Appellant's petition, filed on June 21, 2019, is patently untimely. *See* 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Gamboa–Taylor***, 753 A.2d 780, 783 (Pa. 2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely, and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves a statutory exception to the PCRA time-bar). We thus turn to whether Appellant has pled and proven that one or more of the exceptions to the PCRA's timeliness requisites applies.

---

[5] Section 9545(b)(2) was amended to reflect that a petitioner has one year rather than the prior deadline of sixty days to raise his claim. This amendment became effective on December 24, 2018, and applies to claims arising on December 24, 2017, or after. Appellant's petition was filed on June 21, 2019; thus, the amendment applies here.

Appellant's claim for relief is premised on the theory that he is serving an illegal sentence. The PCRA is the sole means allowing for collateral review of a judgment of sentence. *Commonwealth v. Descardes*, 136 A.3d 493, 497–498 (Pa. 2016). "[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007) (quoting *Commonwealth v. Berry,* 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*)). "In the PCRA context, jurisdiction is linked to the filing of a timely PCRA petition." *Id.* Although legality of sentence is always subject to review within the PCRA, petitioners must initially satisfy the PCRA's time limits or one of the exceptions thereto. "Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal citations omitted).

Appellant urges that his petition meets the exception to the time-bar denoted in 42 Pa.C.S. §9545(b)(1)(ii) because it alleges that the Pennsylvania Supreme Court's decision in *Hudson* is a newly discovered-fact previously unknown to the petitioner. However, our Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Brandon,* 51 A.3d 231, 235 (Pa. Super.2012) (quoting *Commonwealth v. Watts,* 23 A.3d 980, 987 (Pa. 2011)). Accordingly, Appellant cannot invoke the section 9545(b)(1)(ii)

newly discovered-fact exception to excuse his untimely petition. No relief is warranted.

Moreover, even if the **Hudson** decision upon which Appellant relies could be considered a new fact under section 9545(b)(1)(ii), the Supreme Court's holding in that case is antithetical to Appellant's position that his lifetime imprisonment for second-degree murder, without the possibility of parole, is an illegal sentence. The **Hudson** Court addressed whether section 9756 of the Sentencing Code, 42 Pa.C.S. § 9756 (relating to sentences of total confinement), requires that a defendant be given the right to parole after a minimum sentence of no more than one-half of the maximum sentence. **Hudson**, 203 A.3d at 395. After analyzing the sentencing statute and the relevant case law, the Supreme Court held "that the Legislature did not intend for Section 9756(b)'s minimum-sentence provision to apply to mandatory life sentences for second-degree murder." **Id.** at 398. It further determined that "the sole statutory directive for courts in imposing a minimum term of total confinement does not apply to mandatory life sentences." **Id.** Accordingly, the High Court's decision negates Appellant's argument that his sentence is illegal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/29/20</u>