J-A19042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NIGEL RAMON HARPER | : | |
| | : | |
| Appellant | : | No. 1662 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 18, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005214-2020

BEFORE:   BOWES, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED: OCTOBER 4, 2022**

Appellant Nigel Ramon Harper appeals from the Judgment of Sentence

entered in the Court of Common Pleas of York County on November 18, 2021,

following the revocation of his probation.  Upon review, we affirm.

The trial court set forth the relevant facts and procedural history herein

as follows:

> [Appellant] was charged with one count of Driving Under the
> Influence of Alcohol or Controlled Substance under 75 PA. CONS.
> STAT. § 3802 (a)(2); one count of Driving on Roadways Laned for
> Traffic under 75 PA. CONS. STAT. § 3309 ( 1); and one count of
> Driving Under the Influence of Alcohol or Controlled Substance
> under 75 PA. CONS. STAT. § 3802 (a)(1). Information,
> 12/07/2020.
>     On April 20, 2021, [Appellant] entered a plea to Driving
> Under the Influence of Alcohol or Controlled Substance under 75
> PA. CONS. STAT. § 3802 (a)(2), a Tier I first offense, as an
> ungraded misdemeanor for a recommended disposition of six (6)

---

[*] Former Justice specially assigned to the Superior Court.

months['] probation, a $ 300 fine, to pay the costs of prosecution, and standard DUI conditions. N.T. Plea Court/Guilty Plea/Sentence, 04/20/2021, p. 2. [Appellant's] attorney stated on the record "Even though [Appellant] doesn't need a drug and alcohol evaluation for this disposition, he does have one completed. [Appellant] got it at a treatment center in Maryland. [Appellant] is recommended outpatient and begins [treatment] tomorrow." Id.

This [c]ourt then sentenced [Appellant] to six (6) months['] probation, a mandatory fine of $300, directed him to pay the costs of prosecution, and comply with the standard conditions related to a DUI offense.[] N.T. Plea Court/Guilty Plea/Sentence, 04/20/2021, p. 6.

On September 22, 2021, a petition to schedule a probation violation hearing was filed. The probation violation hearing was scheduled for November 18, 2021. [Appellant's] violation was his failure to complete his recommended outpatient treatment. N.T. Probation Violation Hearing, 11/18/2021, p. 2. This [c]ourt found [Appellant] to be in violation for failure to complete the treatment that was recommended. Id. at 5. [Appellant] was sentenced to a new term of six months['] probation and was directed to complete the outpatient treatment that was recommended. Id. [Appellant] was also directed to make regular payments on his fines and costs. Id.[1]

On December 16, 2021, [Appellant] filed a notice of appeal to the Superior Court, and an application for *In Forma Pauperis* (herein "*IFP*") status. On December 16, 2021, this [c]ourt issued a concise statement order and granted [Appellant's] IFP motion. [Appellant] filed a Statement of Errors Complained of on Appeal on January 6, 2022.

[Appellant] asserts that this [c]ourt erred in revoking [Appellant's] probation for violating a probation condition that the Court did not order, under Koger.[1] Statement of Errors Complained, 01/06/2022, p. 1.

_____

[1]Commonwealth v. Koger, 255 A.3d 1285 (Pa.Super. 2021).[2]

---

[1] The trial court also specified that "[o]nce his treatment is closed, his case may be closed." N.T., 11/18/21, at 5.

[2] In reversing the revocation of the appellant's probation and parole and vacating the judgment of sentence in **Commonwealth v. Koger**, 255 A.3d

*(Footnote Continued Next Page)*

1285, 1289 (2021), reargument denied (Aug. 10, 2021), *appeal granted,* No. 270 WAL 2021 (Pa. 2022), this Court reasoned as follows:

> [W]e conclude the trial court erred in failing to specifically advise Appellant of the conditions of his probation and parole at the time of his initial sentencing. *See* 42 Pa.C.S. § 9754(b); *Foster*, 214 A.3d at 1244 n.5. We reject the Commonwealth's argument that the probation officer's VOP petition sufficiently indicated the conditions and alleged violations. *See* Commonwealth Brief at 8. Instead, "[t]he court shall attach such of the reasonable conditions ... as it deems necessary to insure or assist the defendant in leading a law-abiding life. *See Foster*, 214 A.3d at 1244 n.5 *citing* 42 Pa.C.S. § 9754(b). Because the trial court did not impose, at the time of the August 21, 2018, sentencing any specific probation or parole conditions, the court could not have found he "violated one of the 'specific conditions' of probation [or parole] included in the probation order[.]" *See Foster*, 214 A.3d at 1250. In short, a sentencing court may not delegate its statutorily proscribed duties to probation and parole offices and is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition.

*Koger*, at 1290–91 (2021),  (footnote omitted).

On April 5, 2022, the Pennsylvania Supreme Court granted the appellant's petition for allowance of appeal in *Koger* to address the following question:  "Did the Superior Court err in expanding this Court's holding in *Commonwealth v. Foster*, 654 Pa. 266, 214 A.3d 1240 (2019), and the statutory requirements related to probation conditions under 42 Pa.C.S. § 9754 to not only probation but also parole cases?"

In *Foster*, the Pennsylvania Supreme Court determined that a trial court may revoke an order of probation only upon proof that the defendant had violated one of the "specified conditions of the probation." *Foster*, 214 A.3d at 1250 (citing 42 Pa.C.S. § 9771(b)). The Court explained that "a violation of probation does not occur solely because a judge believes the probationer's conduct indicates that probation has been ineffective to rehabilitate or to deter against antisocial conduct." *Id*., at 1243.

Therein, the trial court had revoked the defendant's probation based upon photographs on the defendant's social media accounts that "depicted guns, drugs, [and] large amounts of money[.]" *Id*. The court found that while the photographs did not prove the defendant violated a specific condition of his probation, they did show his "indifference regarding his crimes" and

*(Footnote Continued Next Page)*

- 3 -

Trial Court Opinion, filed 1/11/22 at 1-4.

In his brief, Appellant presents the following issue for our review:

Did the trial court abuse its discretion in revoking [Appellant's] probation for failing to complete treatment where the court never ordered completion of treatment as a condition of probation.

Brief for Appellant at 4.

Appellant argues that while outpatient treatment was "mentioned" at the time of sentencing, the trial court "never made treatment a condition of his probation in its verbal statements or in its written order"; therefore, the trial court abused its discretion in revoking his probation for failing to complete treatment. Appellant's Brief at 10-19. In response, the Commonwealth posits the issue is moot because Appellant had competed his period of

---

"clearly indicate[ ] that probation was an ineffective vehicle to accomplish his rehabilitation[.]" *Id.* at 1245 (record citation omitted).

A panel of this Court affirmed the trial court and in doing so relied upon our Supreme Court's previous holding in *Commonwealth v. Infante*, 888 A.2d 783 (Pa. 2005).

Ultimately, the Supreme Court reversed this Court's ruling and in doing so stated:

We expressly disapprove of the Superior Court's reliance on this passage from *Infante* ... for the proposition that revocation of probation is permissible in the absence of a finding that the defendant violated a specified condition of probation if the VOP court finds that probation has been ineffective to rehabilitate or to deter against antisocial conduct.

*Foster*, 214 A.3d at 1251 n.14.

extended supervision and his case was closed while this appeal is pending. Commonwealth's Brief at 6, 10. The Commonwealth represents that it verified that Appellant's case was closed on May 17, 2022.[3]

In his reply brief, Appellant again argues his revocation was "an abuse of discretion," but avers the case is not moot "where the erroneous revocation of [Appellant's] probation could easily come back to haunt him if left in place[.]" Reply Brief for Appellant at 1-2. Appellant further states that even if this Court deems this appeal to be moot, the three exceptions to the mootness doctrine apply and, thus, substantive review of his claim is justified. *Id*. at 6.

Initially, we note that although Appellant repeatedly frames his issue as a challenge to the trial court's abuse of its discretion in his appellate briefs, he essentially challenges the legality of his sentence for the trial court's failure to comport with this Court's recent decision in **Koger**. **See** Brief for Appellant at 11 (stating "[t]here was thus no legal basis for revoking his probation, and the court abused its discretion in so doing.")

In considering such a challenge, we are guided by the following:

> Generally, parole and probation violations are determined by the sound discretion of the trial courts and absent an error of law or abuse of discretion, should not be disturbed on appeal. **Commonwealth v. Perreault**, 930 A.2d 553, 558 (Pa. Super. 2007). "The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision

---

[3] The Commonwealth attached as Exhibit "A" to its appellate brief an email thread which confirms Appellant's case was closed on that date.

- 5 -

to revoke parole is a matter for the court's discretion." ***Commonwealth v. Kalichak***, 943 A.2d 285, 290-91 (Pa. Super. 2008).

***Koger***, 255 A.3d at 1289.

When deciding an appeal from a sentence imposed following the revocation of probation, this Court may review the validity of the revocation proceedings, the legality of the sentence, and the discretionary aspects of any new sentence the trial court imposed. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Giliam***, 233 A.3d 863, 866-67 (Pa.Super. 2020) (citation omitted).

> [A] claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. Issues relating to the legality of sentence are questions of law, and thus, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Clarke***, 70 A.3d 1281, 1284 (Pa.Super. 2013) (quotation marks and citations omitted). Further, a claim pertaining to the legality of sentence may be raised for the first time on appeal and is not subject to waiver. ***Commonwealth v. Foster***, 960 A.2d 160, 163 (Pa.Super. 2008). ***See also Commonwealth v. Dickson***, 918 A.2d 95, 99 (Pa. 2007) ("[I]f the sentence clearly implicates the legality of sentence, whether it was

properly preserved below is of no moment, as a challenge to the legality of sentence cannot be waived.").

Appellant does not dispute that the additional six-month period of supervision to which the trial court sentenced him following its finding he had violated his probation expired while this appeal was pending. Yet, he claims that "where the erroneous revocation of [his] probation could easily come back to haunt him if left in place, the issue before the Court is not moot." Reply Brief for Appellant at 2.

In **Commonwealth v. Dennis**, 164 A.3d 503 (Pa.Super. 2017), this Court reiterated that, "[a]s a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." **Id.** at 505 (citation omitted). Moreover, "[a]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." **Commonwealth v. Nava**, 966 A.2d 630, 633 (Pa.Super. 2009). "Under Pennsylvania law, if Appellant completed the aggregate maximum term of imprisonment while his appeal was pending, he would not be subjected to any direct criminal consequences and his challenge to the legality of his sentence … would be moot and incapable of review." **Commonwealth v. Schmohl**, 975 A.2d 1144, 1149 (Pa.Super. 2009).

Herein, Appellant seeks review of a sentence he has fully served; thus, it would appear at first blush that there is no relief we can grant as to the

issue he presents on appeal that would have any legal force or effect. *See Commonwealth v. Nava*, 966 A.2d 630, 633 (Pa.Super. 2009) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.").

However, where an appellant challenged the legality of a twenty-four-month probationary sentence imposed and already served for his crime, and where there were no criminal or civil consequences to be endured by the appellant as the result of the probationary sentence that has expired, this Court found:

> appellant's challenge to the legality of the sentence, which has expired and which bears no collateral civil or criminal consequences, is moot and will not be addressed by this Court.

*Commonwealth v. King*, 786 A.2d 993, 996 (Pa.Super. 2001). Our Supreme Court expounded upon how a resentencing after a revocation of probation may be deemed to bear collateral or civil consequences in *Foster*, *supra*, as follows:

> We agree with *Foster* that this case is not moot. A case is moot when facts that arise after the initiation of the case leave a litigant without a stake in the outcome of the matter. *William Penn Sch. Dist. v. Pennsylvania Dept. of Ed.*, 642 Pa. 236, 170 A.3d 414, 435 n.33 (2017). As Foster correctly observes, the impact of a revocation of probation goes beyond the resentencing decision. *Johnson v. Commonwealth Bd. of Probation and Parole*, 505 Pa. 569, 482 A.2d 235, 236 (1984) (per curiam) (finding parolee's challenge to violation proceeding was not moot after re-paroled because finding of violation could have "future consequences"). If the defendant is convicted of another crime or has a future revocation of probation proceeding, a past probation revocation is something that courts deciding these questions would consider in determining whether probation is an appropriate

sentence. ***See, e.g., Commonwealth v. Parlante***, 823 A.2d 927, 931 (Pa. Super. 2003) ("We agree with the trial court that Parlante should serve time in prison because of her prior criminal record and repeated inability to comply with the rules and requirements of her probation."). ***See also*** 42 Pa.C.S. §§ 9721(b) (sentencing considerations include defendant's rehabilitative needs and protection of public), 9771(c) (permissible bases for imposing sentence of total confinement upon revocation of probation include the need to vindicate the court's authority). The October 27, 2016 order revoking Foster's probation remains part of his record. The subsequent revocation of his probation in February 2019 does not render that order superfluous. We therefore proceed to consider the merits of the issue raised.

***Foster***, 214 A.3d 1240, 1246 (Pa. 2019).

In light of the foregoing, we disagree with the Commonwealth that Appellant's claim presented on appeal is incapable of appellate review as it is moot. Notwithstanding, we find Appellant's issue lacks merit.

First, as the trial court notes:

> In the case at hand, discussed in the factual and procedural history *supra*., [Appellant] elected to enter a guilty plea. N.T. Plea Court/Guilty Plea/Sentence, 04/20/2021, p. 2. We find this case distinguishable from <u>Koger</u> because [Appellant's] attorney acknowledged on the record "[e]ven though [Appellant] doesn't need a drug and alcohol evaluation for this disposition, he does have one completed. [Appellant] got it at a treatment center in Maryland. [Appellant] is recommended outpatient and begins [treatment] tomorrow." <u>Id</u>.
>
> This [c]ourt then ordered [Appellant] to "six [6] months['] probation, direct he pay the mandatory fine of $300, plus the costs of prosecution, and comply with the standard conditions related to a DUI offense." N.T. Plea Court/Guilty Plea/Sentence, 04/20/2021, p. 6.
>
> On November 18, 2021, [Appellant] was in front of this Court for a probation violation hearing. [Appellant's] violation was for his failure to complete his treatment, as [Appellant] was recommended to complete outpatient treatment and there was no documentation that [Appellant] had done so. N.T. Probation Violation Hearing, 11/18/2021, p. 2.

This [c]ourt argues that this case is distinguishable from Koger, where the trial court admitted it did not advise the defendant of the general conditions of his probation or parole at the time of sentencing, but rather the conditions were explained to the defendant by an adult probation officer immediately following sentencing.

In the case at hand, **[Appellant] acknowledged through his counsel**, that he had a drug and alcohol evaluation done and was recommended for outpatient treatment which was scheduled to start the day after [Appellant's] guilty plea/sentencing. This would have fallen under the standard DUI conditions imposed by this [c]ourt. Therefore, because [Appellant] was aware, on the record, of the recommendation of outpatient treatment and acknowledged that treatment was to start the next day, he was well aware that he needed to comply with said treatment under his probation condition.

Trial Court Opinion, filed 1/11/22, at 7-10 (emphasis in original).

In addition, Appellant completely ignores his own statements at the probation violation hearing at which time he acknowledged "**the treatment program that I was supposed to go to**" required him to attend outpatient due to COVID. N.T., 11/18/21, at 3-4 (emphasis added). However, without presenting any evidence in support of his bald contention, Appellant told the court that "this guy" who runs the program felt he no longer needed to attend as he "showed no symptoms of what [he] needed to continue." *Id*. at 4

Unlike the situation presented in *Koger*, where the trial court failed to impose any specific probation conditions at the time of sentencing, the transcripts from both the Plea Court/Guilty Plea/Sentence and the VOP hearings herein evince that Appellant knew he was obligated to complete outpatient treatment as a standard condition of his probation for his DUI offense. As such, Appellant's reliance on *Koger* is misplaced.

Because Appellant acknowledged his failure to complete outpatient treatment at his revocation hearing, and the requirement for him to complete treatment was set forth on the record as a condition of his probation at the time of his original sentencing hearing, we see no basis upon which to disrupt the court's imposition of the revocation sentence.

Accordingly, we affirm the November 18, 2021, revocation sentence.[4]

Judgment of sentence affirmed.

Judge King has joined the Memorandum

Judge Bowes files a Dissenting Memorandum

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2022

---

[4] This Court may affirm the trial court on any basis. It "is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." **Commonwealth v. Singletary**, 803 A.2d 769, 772–73 (Pa. Super. 2002) (citation omitted).