J-A24013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                        :            PENNSYLVANIA
                        :
        v.                    :
                        :
                        :
TONY BURTON            :
                        :
        Appellant     :    No. 580 EDA 2022

Appeal from the PCRA Order Entered January 31, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005522-2012

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 29, 2022**

Appellant, Tony Burton, filed a Motion for Modification of Sentence ("Modification Motion") nearly seven years after his sentence was imposed. Treating that motion as a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, the PCRA court dismissed it as untimely without exception.  After careful review, we affirm.

The facts underlying Appellant's conviction are not germane to this appeal.  Briefly, following his arrest on March 17, 2012, Appellant proceeded to a non-jury trial on August 5, 2013, where he was convicted of three violations of the Uniform Firearms Act.[1]  On June 27, 2014, the court

_____

[1] 18 Pa.C.S. §§ 6105 (person not to possess a firearm), 6106 (carrying a firearm without a license), and 6108 (carrying a firearm in public in Philadelphia).

sentenced Appellant to an aggregate term of 6-12 years' incarceration.[2]  This Court affirmed his judgment of sentence on January 12, 2016, and our Supreme Court denied his petition for allowance of appeal on October 26, 2016.  *See Commonwealth v. Burton*, 136 A.3d 1029 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 160 A.3d 763 (Pa. 2016).

Appellant filed his first PCRA petition, *pro se*, on December 22, 2016. After the appointment of counsel, an amended PCRA petition was filed on Appellant's behalf on July 18, 2017.  The PCRA court dismissed that petition on March 14, 2018.  This Court remanded due to *per se* ineffectiveness by PCRA counsel based on counsel's failure to file a Pa.R.A.P. 1925(b) statement. *See Commonwealth v. Burton*, 219 A.3d 215 (Pa. Super. 2019) (unpublished memorandum).  Following that remand, this Court ultimately affirmed the PCRA court's order denying relief.  *See Commonwealth v. Burton*, 224 A.3d 781 (Pa. Super. 2019) (unpublished memorandum). Appellant did not seek further review by our Supreme Court.  Appellant, again

_____

[2] Specifically, the court sentenced Appellant to 5-10 years' incarceration for his violation of Section 6105, to a consecutive term of 1-2 years' incarceration for his violation of Section 6106, and to 1-2 years' incarceration for his violation of Section 6108, to be served concurrently to his Section 6106 sentence. Sentencing Order, 6/27/14, at 1.  As is pertinent to the issue raised in this appeal, Appellant's sentence for his violation of Section 6105 was ordered to run concurrently to another sentence he was serving at the time of sentencing, which Appellant alleges was back-time imposed for a parole violation.  *Id.*  At the sentencing hearing, Appellant's counsel stated that Appellant was incarcerated on a state detainer.  N.T. Sentencing, 6/27/14, at 4.  Furthermore, the Commonwealth stated at that time that Appellant "was on state parole for a gunpoint robbery when he was arrested for … carrying [a] firearm" in this case.  *Id.* at 6.

acting *pro se*, filed a second PCRA petition on March 10, 2020, which the PCRA court denied by order dated July 10, 2020. Appellant did not file an appeal from that decision.

The instant action began on March 17, 2021, when Appellant filed the Modification Motion *pro se*, alleging that his June 27, 2014 sentence for the aforementioned firearms violations is illegal. Specifically, Appellant argued as follows:

> On August 5, 2013, following trial by jury before the Honorable Listtee[]Shairdan[-]Harris, [Appellant] was convicted of [violations of Sections] 6105, 6106, [and] 6108. On June 27, 2014, the court i[m]posed a term of i[m]prisonment totaling 6-12 years. During sentencing[,] the court further ordered that the sente[n]ce of 6-12 years[' incarceration] was to run "concurrently" with [Appellant's] sentence as a parole violator.
>
> The Pennsylvania Board of Probation and Parole[] (Board) subsequently imposed a sanction of 36 months['] incarceration based on [Appellant]'s new conviction. The [Department of Corrections] calculated both sentences to run consecutively, despite the sentencing order stating otherwise. [Appellant] filed an inmate[] grievance seeking compliance with the sentencing court's order that the sentences run concurrently. Noting that the law prohibited old and new sentences from being served simultaneously, the DOC rejected [Appellant]'s grievance. In the opinion of the DOC[,] the portion of the sentencing order directing concurrency of the sentences was illegal. Research reveals the DOC may be correct in its assessment rendering it impossible to fulf[i]ll the intent of [the] sentencing judge. It is therefore requested the sentence be modified so as to achieve the sentencing court[']s desired intent.

Motion for Modification of Sentence, 3/17/21, at 1.

Appellant filed a premature notice of appeal after 120 days, alleging that his Modification Motion had effectively been denied by operation of law. This

Court quashed that appeal on December 9, 2021, because no order dismissing the Modification Motion had been filed in the lower court. *See* Order, 12/9/21, at 1 (1648 EDA 2021). Subsequently, on December 21, 2021, the PCRA court issued notice of its intent to dismiss the Modification Motion without a hearing pursuant to Pa.R.Crim.P 907 "because it was an untimely[,] third PCRA Petition." PCRA Court Opinion ("PCO"), 3/2/22, at 3. Appellant did not file a response to the court's Rule 907 Notice. The PCRA court then dismissed the Modification Motion as an untimely PCRA petition by order dated January 31, 2022. Appellant timely filed the instant appeal on February 16, 2022. The PCRA court then issued its Pa.R.A.P. 1925(a) opinion on March 2, 2022.[3]

Appellant now presents the following question for our review: "Did the lower court err by extending the scope of the PCRA beyond the plain language of the statute regarding eligibility for relief?" Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must always begin by addressing the timeliness of a PCRA petition, because the PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction

---

[3] The PCRA court did not order Appellant to file a concise statement pursuant to Rule 1925(b).

relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant asserts that the PCRA's time limitations do not apply in this case, arguing that the PCRA court improperly treated his Modification Motion as a PCRA petition. He contends that, because "none of the statutory bases for PCRA relief is presented in this case[,] the [PCRA] court erred by extending its reach beyond the plain language of the statute." Appellant's Brief at 12.

To be eligible for relief under the PCRA, petitioner must, *inter alia*, plead and prove by a preponderance of the evidence:

That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

Appellant asserts that his illegal-sentencing claim does not fall within any of the categories set forth in Section 9543(a)(2) and, therefore, that his Modification Motion was not cognizable under the PCRA, citing

*Commonwealth v. West*, 868 A.2d 1267 (Pa. Super. 2005), *rev'd*, 938 A.2d

1034 (Pa. 2007), and *Commonwealth v. Judge*, 916 A.2d 511 (Pa. 2007).

He further argues that he

> is not challenging any aspect of the truth-determining process. Appellant is not claiming an improper interference with the right to appeal nor that his counsel was ineffective. Appellant does not claim the later discovery of exculpatory evidence, the jurisdiction of the tribunal in not being questioned. Most important, Appellant is not alleging the sentence at issue exceeded the lawful maximum. Indeed, Appellant has no qualms with the length of the sentence imposed by the sentencing court. As none of the statutory bases for PCRA relief is presented in this case[,] the lower court erred by extending its reach beyond the plain language of the statute.

Appellant's Brief at 12.

Appellant contends that, because the text of Section 9543(a)(2) does

not encompass his illegal-sentencing claim, that claim was never cognizable

under the PCRA and, therefore, the PCRA court's time limitations do not apply.

Essentially, Appellant's argument is contingent on an extremely narrow

reading of Section 9543(a)(2)(vii), which explicitly provides eligibility for relief

for illegal-sentencing claims that involve the "imposition of a sentence greater

than the lawful maximum."

Whether a PCRA court has jurisdiction to correct allegedly illegal

sentencing orders absent statutory jurisdiction under the PCRA is a question

of law. *See Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007).

"Accordingly, our scope of review is plenary and our standard of review is *de*

*novo*." *Id.* Here, the PCRA court's opinion does not contain any analysis of

Appellant's specific argument that his illegal sentencing claim is not cognizable under the PCRA, despite the fact that Appellant explicitly presented that argument in his Modification Motion. *See* Modification Motion, 3/17/21, at 1-2 ("INAPPLICAB[I]L[IT]Y OF THE PCRA"). Nevertheless, because the question before us is purely a matter of law, remand for reconsideration by the trial court is unnecessary. "It is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." *Commonwealth v. Singletary*, 803 A.2d 769, 772–73 (Pa. Super. 2002) (quoting *Boyer v. Walker*, 714 A.2d 458, 463 n. 10. (Pa. Super. 1998)).

Here, Appellant concedes that his sentence fell within the lawful maximum. Nevertheless, as this Court has previously explained:

> "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v.* [] *Watson*, 945 A.2d 174, 178–79 (Pa. Super. 2008) (quoting *Commonwealth v. Leverette*, 911 A.2d 998, 1001–02 (Pa. Super. 2006)). Section 6138 of the Parole Act states in pertinent part:
>
> § 6138. Violation of terms of parole
>
> * * *
>
> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
>> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> 61 Pa.C.S.[] § 6138(a)(5)(i). In other words, where a state parolee gets a new state sentence, he must serve his back[-]time

first before commencement of the new state sentence. ***Id.*** Imposition of a new state sentence concurrent with parolee's back[-]time on the original state sentence is an illegal sentence under this statute. ***Lawrence v. Pennsylvania Dept. of Corrections***, 941 A.2d 70 (Pa. Cmwlth. 2007) (holding state parolee could not serve his new state sentence before he satisfied his original state sentence; imposition of new sentence essentially concurrent with back[-]time service violates Parole Act and is illegal).

***Commonwealth v. Kelley***, 136 A.3d 1007, 1013–14 (Pa. Super. 2016).

Thus, Appellant's sentence is illegal under the Parole Act because it was imposed concurrently to the back-time he was serving for violating his parole.[4] Appellant essentially contends that this type of illegal sentence cannot be addressed under the PCRA because it does not involve a sentence greater than the lawful maximum, or otherwise fit any of the other criteria for eligibility set forth in Section 9543(a)(2)(vii).

For the following reasons, we disagree. As this Court has previously explained:

It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*." ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n. 7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to

---

[4] As Appellant acknowledged at his sentencing hearing, he was incarcerated on a state-parole detainer at the time of sentencing. In his Modification Motion, he further acknowledged that he was not sentenced to serve 36 months' back-time for his parole violation until after he was sentenced for the firearms violations at issue in this case. Appellant was presumably given time credit for the time he spent incarcerated on the state-parole detainer toward the back-time sentence, at which time Appellant's sentence for his violation of Section 6105 became illegal under the Parole Act. Regardless of what doubts this timing suggests as to whether Appellant's sentencing was illegal under the Parole Act, any such questions go toward the merits of Appellant's sentencing claim, not to whether such a claim is cognizable under the PCRA.

review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. *See Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction[ ]") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." [*Commonwealth v.*] *Seskey*, [86 A.3d 237,] 242[ (Pa. Super. 2014)].

*Commonwealth v. Miller*, 102 A.3d 988, 995–96 (Pa. Super. 2014).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and *persons serving illegal sentences* may obtain collateral relief." 42 Pa.C.S. § 9542 (emphasis added). When an action is cognizable under the PCRA, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]" 42 Pa.C.S. § 9542. Despite the narrower language set forth in Section 9543(a)(2)(vii) regarding sentences exceeding the "lawful maximum," our Supreme Court has "long has held that challenges to the legality of a sentence fall within the purview of the PCRA." *Commonwealth v. Prinkey*, 277 A.3d 554, 560 (Pa. 2022); *see also Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that a timely challenge to "the legality of sentence is always subject to review within the PCRA").

As our Supreme Court recently explained in *Commonwealth v. Moore*, 247 A.3d 990 (Pa. 2021):

Historically, an illegal sentence claim was limited to a claim that a sentence exceeded the maximum sentence prescribed by law or was imposed by a court lacking jurisdiction. *Commonwealth v. DiMatteo*, … 177 A.3d 182, 192 ([Pa.] 2018). Over the years,

- 10 -

however, the definition of what constitutes an illegal sentence has expanded.

***Moore***, 247 A.3d at 993. In ***Moore***, the Supreme Court determined that a claim that a "sentencing statute … is unconstitutionally vague … is an illegal sentence claim and must be brought in a PCRA petition." ***Id.*** at 991.

We conclude that because the Parole Act prohibits the sentence imposed in this case, there is no statutory authority to support it and, therefore, Appellant's illegal-sentencing claim is cognizable under the PCRA. We also find the cases cited by Appellant distinguishable. First, Appellant cites this Court's decision in ***West***, where we determined that West's "claim that his substantive due process rights were violated by the lengthy delay in the execution of his sentence [was] not a claim that is cognizable under the PCRA but, rather, sounds in *habeas corpus*." ***West***, 868 A.2d at 1272. Our decision in ***West*** was reversed by our Supreme Court on other grounds. ***See West***, 938 A.2d at 1049 (holding that "West's due process rights were not violated"). Nevertheless, in determining that West's claim fell outside the purview of the PCRA, this Court recognized that he was "not challenging the legality or discretionary aspects of the actual sentence imposed…." ***West***, 868 A.2d at 1272. Here, by contrast, there is no dispute that Appellant's claim is that his sentence is illegal under the Parole Act. ***See Kelley***, ***supra***. Thus, our decision in ***West*** affords Appellant no relief.

In ***Judge***, our Supreme Court considered whether violations of the International Covenant for Civil and Political Rights ("ICCPR") were cognizable under the PCRA. Judge argued, *inter alia*, that that "his death sentence is

greater than the lawful maximum because, in his view, the lawful maximum sentence under international law is life imprisonment." ***Judge***, 916 A.2d at 519. However, the ***Judge*** Court rejected that logic, reasoning instead that Judge's death sentence

> is not greater than the lawful maximum, as it falls within the statutory limits. Since the maximum penalty for first-degree murder is death, ***see*** 18 Pa.C.S. § 1102(a)(1), [Judge]'s sentence is legal under Pennsylvania law. The sentence is also legal under the ICCPR, which allows States–Parties to impose the death penalty for the most serious crimes pursuant to laws in effect at the time the crimes were committed. In essence, [Judge] is challenging the continued vitality of his sentence, a claim that is at the heart of *habeas corpus*. ***Cf. Commonwealth v. Isabell***, … 467 A.2d 1287, 1291 ([Pa.] 1983) (holding that a challenge to the interpretation of a sentence by the Bureau of Corrections could be raised in a petition for writ of *habeas corpus* because it was "not a direct or collateral attack on the conviction or sentence imposed by the trial court" and thus was not cognizable under the precursor to the PCRA); ***Commonwealth ex rel. Bryant v. Hendrick***, … 280 A.2d 110, 112–113 ([Pa.] 1971) (determining that a claim that prison conditions constitute cruel and unusual punishment may be raised in a petition for writ of *habeas corpus*). Thus, since the PCRA does not provide a remedy for [Judge]'s claims regarding the Committee's determination that his deportation from Canada violated the ICCPR, they may be raised in a petition for writ of *habeas corpus*.

***Id.*** at 520–21 (some citations omitted).

Here, by contrast, Appellant relies solely on Pennsylvania statutory law under the Parole Act in arguing that his sentence is illegal. This is a claim that could have been raised on direct appeal from his judgment of sentence. Appellant is not challenging the conditions of his confinement, but instead the legality of the terms of the sentencing order itself under well-established Pennsylvania law, quite unlike the relatively unique and novel claims raised in

*Judge*. For these reasons, we conclude that *Judge* also does not support Appellant's assertion that his illegal-sentencing claim is not cognizable under the PCRA.

Recently, in *Prinkey*, our Supreme Court addressed "the question of whether a particular type of claim constitutes a challenge to the legality of the sentence, such that it is cognizable under the" PCRA. *Prinkey*, 277 A.3d at 555–56. The Court identified four general categories of illegal sentencing claims that have been recognized as falling under the purview of the PCRA. *See id.* at 562–63.[5] Summarizing these categories, our Supreme Court stated:

> In each [category], the inquiry is whether, assuming the appellant's claim prevails, the result would be that the trial court lacked authority to impose the sentence at issue. If so, then the appellant's challenge implicates the legality of his sentence. Conversely, if the challenge is not to the existence of certain authority but to the exercise of that authority, then the challenge goes to the discretionary aspects of a sentence, not to its legality. Relatedly, as the nomenclature suggests, all legality challenges implicate a question of law, which is reviewed by appellate courts *de novo*. A mere disagreement with the trial court's weighing of various sentencing considerations, on the other hand, is a claim implicating only the discretionary aspects of sentencing. Finally, many legality challenges involve the applicability of a mandatory

---

[5] The four general categories of illegal-sentencing claims identified by the *Prinkey* Court are: 1) claims that "a sentence was imposed pursuant to a facially unconstitutional sentencing statute[,]" *id.* at 562; 2) claims that "a sentence was imposed without the fulfillment of statutory preconditions to the court's sentencing authority[,]" *id.*; 3) claims that "allege a violation of a substantive restriction that the Constitution places upon a court's power to apply the statutory sentence to the defendant[,]" *id.*; and 4) claims "where the statutory support for the underlying conviction is void *ab initio*[,]" *id.* at 563.

- 13 -

minimum sentence. As [former] Chief Justice Baer cogently has explained, "because a sentencing court loses its authority to exercise discretion when a mandatory minimum sentence applies, the question of the propriety of applying a mandatory minimum sentencing provision implicates legality." *Commonwealth v. Wolfe*, 140 A.3d 651, 663–64 ([Pa.] 2016) (Baer, J., concurring)….

*Id.* at 563–64 (some citations omitted).

With this framework of analysis, the *Prinkey* Court considered whether Prinkey's claim, that a sentence "resulted from a prosecutor's unconstitutionally vindictive decision to pursue a mandatory minimum term of years[,]" was an illegal-sentencing claim that was cognizable under the PCRA. *Id.* at 556. Prinkey was initially sentenced to 5-10 years' incarceration, but after this Court vacated his sentence and remanded for resentencing after granting him relief on a sufficiency claim, "the Commonwealth for the first time notified Prinkey that it was seeking a twenty-five-year mandatory minimum sentence" for one of the offenses that remained for resentencing. *Id.* at 557.

The *Prinkey* Court concluded:

Prinkey's vindictive[-]sentencing claim implicates the legality of his sentence because, if it is correct, the trial court possessed no authority to impose the twenty-five-year mandatory minimum sentence. Put simply, Prinkey's challenge is to the court's authority to impose a greater sentence on remand, not to the exercise of valid sentencing discretion. As challenges to the legality of sentence are cognizable under the PCRA, the Superior Court committed an error of law in concluding that Prinkey's challenge to his sentence as presumptively vindictive was not within the PCRA's ambit.

*Id.* at 568.

- 14 -

Similarly, here, although Appellant's sentencing claim does not specifically implicate a breach of the lawful maximum for the offense, *see* 42 Pa.C.S. § 9543(a)(2)(vii), or the jurisdiction of the sentencing court, *see* 42 Pa.C.S. § 9543(a)(2)(viii), his argument resembles the category of recognized illegal-sentencing claims where the sentence was "imposed without the fulfillment of statutory preconditions…." ***Prinkey***, 277 A.3d at 562. Here, the sentencing court ignored a "statutory precondition" that the Parole Act specifically prohibits the imposition of a new sentence concurrent to a term of back-time imposed for a violation of parole.

Regardless of the category, Appellant's illegal-sentencing claim fits squarely within the broader definition offered by the ***Prinkey*** Court: assuming Appellant's claim prevails on the merits, "the result would be that the trial court lacked authority to impose the sentence at issue." ***Id.*** at 563. Furthermore, Appellant is not challenging the exercise of sentencing discretion by the sentencing court, as there is no discretion afforded under the Parole Act to issue a new sentence to run concurrently to a sentence of back-time issued for a violation of parole. ***See id.*** at 563-64. Thus, Appellant's issue irrefutably "implicate[s] a question of law," not factual questions. ***Id.*** at 564. Under these criteria set forth in ***Prinkey***, Appellant's Modification Motion presented an illegal-sentencing claim that is cognizable under the PCRA. ***Id.*** at 568 (stating "challenges to the legality of sentence are cognizable under the PCRA").

Because Appellant's Modification Motion presented a challenge to the legality of his sentence that was cognizable under the PCRA, the PCRA court did not err in treating his Modification Motion as a PCRA petition. The PCRA court then determined that Appellant's "third PCRA petition is untimely because it was not filed until March [of] 2021, over four years after his judgment of sentence became final. The petition has not pled any exception to the [PCRA's] timeliness requirement. Accordingly, [it] must be dismissed as untimely." PCO at 5. We ascertain no error by the PCRA court. *See Commonwealth v. Perrin*, 947 A.2d 1284, 1287 (Pa. Super. 2008) (holding that the appellant's failure "to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA" requires this Court to affirm the "PCRA court's order dismissing … [the] PCRA petition without a hearing").

Order ***affirmed***.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *12/29/2022*

- 16 -